# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5596 | **DATE** | 6/9/2004 |
| **CASE TITLE** | Lewis, et al vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' motion to reinstate counsel and for sanctions

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ ___.

(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due_ ___.

(4) ☐ Ruling/Hearing on ___ ___ set for ___ at ___.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ ___ set for ___ at ___.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.

(7) ☐ Trial[set for/re-set for] on ___ at ___.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ ___ at ___ ___.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse side of this minute order, plaintiffs' motion to reinstate former counsel [241-1] is granted to the extent stated herein. Plaintiffs' motion for sanctions [241-2] is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 10 2004 | |
| ✓ | Notified counsel by telephone. | | date docketed | 250 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| RT/KB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

## **ORDER**

Plaintiffs have moved to reinstate their prior counsel, Bridget Arimond, Judson Miner and the law firm of Miner, Barnhill and Galland (collectively, "Miner, Barnhill"), who were disqualified early in this case based upon their legal representation of the City during the Washington and Sawyer mayoral administrations. For the reasons stated in its Opinion of September 27, 1999, the court believes that in disqualifying these lawyers, it properly applied the standards of *LaSalle Nat'l Bank v. County of Lake*, 703 F.2d 252 (7th Cir. 1983), and it finds no basis for concluding that the factual materials and arguments submitted by the City in support of its disqualification motion were misleading. The fact that, as this case developed, there was no testimony at trial which related to past confidential communications between Miner, Barnhill and the City does not approach a demonstration that the court's decision was wrong. Even as this case developed, there was evidence concerning the City's objectives in creating and administering the subject exam, based on its past experience, which encompassed matters in which Miner, Barnhill presumably were involved as counsel for the City. Moreover, to the extent this evidence was peripheral, this case surely could have developed otherwise, other information could have been deemed relevant and there were limitless opportunities for Miner, Barnhill, in taking discovery of its former client, to take advantage of information obtained in a confidential capacity during its past representation of the City.

Besides asking that the order of disqualification be reversed, which the court declines to do, plaintiffs also ask that Miner, Barnhill be allowed to rejoin plaintiffs' legal team in this post-trial phase. The City's only argument against this request is that if the case were ultimately remanded for a new trial, disqualification would again be appropriate. That possibility is merely hypothetical at this point, and does not seem to this court a sufficient reason for barring Miner, Barnhill from involvement in the post-trial proceedings in this court and on appeal.

Accordingly, the motion to reinstate is denied insofar as it asks the court to set aside its prior order of disqualification or requests sanction. The court sees no reason to bar Miner, Barnhill from participating in proceedings in this case involving the completed trial record, and accordingly, grants the motion to reinstate to that limited extent. The court finds no reason for an award of sanctions, and plaintiffs' motion for sanctions is denied.