UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR L. LEWIS, JR.; et al., | ) | |
| | ) | No. 98 C 5596 |
| Plaintiffs, | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED INJUNCTIVE ORDER OF RELIEF, FILED JUNE 27, 2006,
IN PREPARATION FOR AN AUGUST 3, 2006 EVIDENTIARY HEARING
TO ADDRESS IMPLEMENTATION OF REMEDIAL RELIEF**

On March 22 2005, the Court entered a judgment of liability against the City of Chicago and in favor of plaintiffs after holding, in a memorandum opinion the findings of which shall be incorporated herein, that the City's use of its 1995 Firefighter Test with a cut-off score of 89 (a) had a disparate impact on African American candidates, (b) had not been shown to be job-related or consistent with business necessity, (c) was a manifest violation of Title VII and (d) that random selection of candidates with scores of 65 and above to advance to the next steps of the hiring process would have been both an equally valid and less discriminatory alternative.

Resolution of the claims in this case now requires specification and implementation of the remedial relief to be provided to plaintiffs for the City's violation of Title VII.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the City provide the relief set forth below, in accordance with the terms set forth below:

A.     **Rightful Place Hiring**

    1.     <u>Eligibility</u>.  Within ten days after the entry of this Order, a database shall be created containing the names of all members of the class who either have not yet advanced to subsequent steps in the selection process that follow the 1995 Test or, having advanced, have not yet been offered a position at the Quinn Fire Academy and have not been disqualified through subsequent screening by failing the background check on a basis that would also have caused the termination of an incumbent firefighter, failing the drug screen, or failing the medical examination.

    2.     <u>Lottery</u>.  Within 20 days after the entry of this Order, the names entered into the database (referred to in paragraph A1, above) shall be placed on an eligibility list in random order, using a software application intended for that purpose.  The random ordering of the names shall be performed by, and on a computer owned by, an outside party that is not an agent of the City.

    3.     <u>Offers to Class Members to Advance to the Next Steps of the Hiring Process</u>.  Within 30 days after entry of this Order, the City shall extend offers to class members to advance to remaining steps of the entry-level firefighter hiring process (consisting of the physical abilities test, background investigation, drug screen and medical examination) – beginning with the first name on the randomized list created by the lottery process (referred to in paragraph A2 above) and thereafter proceeding in rank order down the list.  These offers shall be made by first-class certified mail.  The City shall continue extending offers to class members to advance to the next steps of the hiring process until there exists a pool of at least 132 class members who have undergone and passed all steps of the City's pre-employment screening for firefighters.  All pre-

employment screening of class members shall be completed within 120 days after entry of this Order.

4. <u>Offers of Employment</u>. Within 130 days after entry of this Order, the first 132 class members to undergo the background investigation, physical abilities test, drug screen and medical examination and to pass all of them shall be offered employment by the City as Chicago Fire Department ("CFD") candidate firefighters at the Quinn Fire Academy ("the Academy"). The City shall continue making offers of employment to class members pursuant to this Order until 132 class members have accepted such offers.

5. <u>Timing of Entry into the Academy</u>. All class members hired pursuant to paragraph A4 of this Order shall enter the Academy no later than 12 months after the entry of this Order.

6. <u>No Prejudice to Other Hiring Opportunities</u>. All class members not offered employment by the City as CFD candidate firefighters at the Quinn Fire Academy pursuant to paragraph A4 of this Order, and who have not been disqualified by the City from advancing in the selection process (i.e., by failing the background check on a basis that would also have caused the termination of an incumbent firefighter, by failing the drug screen or the medical examination, twice failing the physical abilities test, or by failing to report for any of these after being invited to do so), shall continue to compete for positions at the Quinn fire Academy on the same basis as all other eligible persons with scores between 65 and 88 on the 1995 Firefighter Test. Nothing in this Order shall in any way affect or prejudice class members' rights to be considered for employment with the CFD as part of the City's ongoing hiring of firefighters by random selection from the pool of persons with scores of 65 through 88 on the 1995 Firefighter

Test.

7. <u>Pre-Employment Screening: The Physical Abilities Test</u>. But for the City's violation of Title VII, the Physical Abilities Test ("PAT") would have been administered to class members earlier, when they were younger. In accommodation of that fact, any class member failing the PAT shall be offered a second opportunity to take and pass it, within 90 days, before being disqualified on the basis of PAT results. The City shall make available, at the City's expense, qualified personal trainers to assist interested class members in preparing to take the PAT a second time. No class member shall be disqualified during pre-employment screening as a result of performance on the PAT unless incumbent firefighters with the same performance on the test are unable to perform the essential functions of a firefighter.

8. <u>Pre-Employment Screening: The Background Check</u>. No class member shall be disqualified during pre-employment screening as a result of any fact uncovered by the background check unless incumbent firefighters would be terminated for the same fact.

**B.  Retroactive Seniority**

1. <u>Award of both "Competitive" and "Benefits" Seniority</u>. As used in this Order, "retroactive seniority" shall mean crediting of seniority for all purposes for which seniority is used in the CFD.

2. <u>Constructive Seniority Date</u>. Any class member hired pursuant to the terms of this Order shall be entitled, after completion of the contractual nine-month probationary period of employment, to retroactive seniority credit dating back to December 8, 1998.

3. <u>Eligibility for Promotion to the Rank of Engineer or Lieutenant</u>. For purposes of Section 9.3 of the current Labor Contract (July 1, 1999 to June 30, 2007), class members hired

4

pursuant to this Order shall, subject to passing an appropriate promotional exam, be eligible for promotion to the position of Engineer of Lieutenant within 30 months after graduation from the Academy.  Appropriate promotional examinations for the position of Engineer and Lieutenant shall be offered and administered to interested members of the class hired pursuant to this Order no sooner than 18 months but no later than 28 months after their graduation from the Academy, in order to make them eligible for promotion and/or to permit their merger into any then existing eligibility list(s) of persons awaiting promotion to Engineer and/or Lieutenant positions.

       4.       <u>Compensation for Delayed Promotions to the Rank of Engineer or Lieutenant</u>.  Any class member who would have been promoted to the position of Engineer of Lieutenant sooner if he or she had been hired as of December 8, 1998, shall, upon promotion to the position of Engineer or Lieutenant, receive salary and benefits commensurate with having been promoted earlier.

**C.**    **<u>Backpay</u>**

       1.       <u>Backpay</u>.  The backpay award in this case, to be paid by the City, shall consist of the difference between:  **(a)** all wages and benefits, including wages and benefits from secondary or "moonlighting" employment, that would have been received by 132 class members but for the City's violation of Title VII and **(b)** "interim earnings."  42 U.S.C. 2000e-5.  If the City asserts failure to mitigate damages, that defense shall be the City's burden to prove.  *Hanna v. American Motors Corp.,* 724 F.2d 1300, 1307 (7th Cir.1984).  The City shall make normal payroll deductions, as applicable, from backpay amounts.

       2.       <u>Funding of Pension, And Any Other Applicable Benefits Plans and Programs, Back to Retroactive Seniority Date</u>.  The City shall fund each policy, plan or program set forth or

referenced in Article XII of the Labor Contract between the City of Chicago and Chicago Firefighters Union, Local No. 2 in order to provide each of the 132 class members hired pursuant to paragraph A4 of this Order, and their families, with the same level benefits as if the class member had been hired on December 8, 1998. If necessary, the Court will direct the Board of Trustees of the Firemen's Annuity & Benefit Fund to accept contributions by the City to fund benefits.

**D. Reporting and Monitoring**

1. Reporting Requirements During Pre-Employment Screening. Whenever any class member undergoes pre-employment screening pursuant to paragraph A3 of this Order and is disqualified at any step of that screening (i.e., by failing the background check, the physical abilities, the drug screen or the medical examination), the City shall, within 48 hours, notify Matthew J. Piers, as class counsel, of the name, address, telephone number and social security number of the class member, the step at which that class member was disqualified, and the reason(s) for deeming the class member disqualified at that step. The notification shall be in writing. The reason(s) provided shall be given with sufficient specificity to permit class counsel to verify the reason(s) and to challenge the disqualification if desired. Class counsel shall be required to make periodic reports to the Court regarding the success of class members at each step of pre-employment screening.

2. Monitoring During Physical Abilities Testing. One of the attorneys for the class, or a designee selected by them, shall have the right to be present during physical abilities testing of class members. Class counsel shall be required to make periodic reports to the Court regarding administration of the physical abilities test.

      4.      <u>Reporting Requirements During Academy Training</u>.  The City shall notify Matthew J. Piers, as class counsel, of the grades received by every plaintiff class member entering the Academy pursuant to paragraph A4 of this Order, during every week of each class member's training at the Academy.  The notification shall be in writing.  In order to make it possible to evaluate plaintiff class members' standing relative to others at the Academy, the notification shall also include the grades received by non-plaintiff class members then at the Academy.  Class counsel shall make periodic reports to the Court regarding the success of class members at the Academy.

      5.      <u>Monitoring During Academy Training</u>.  To ensure that class members are not stigmatized or discriminated against during Academy training, class counsel shall recommend, and the court will approve, a monitor to periodically observe classroom instruction at the Academy of class members hired pursuant to this Order and to serve as an ombudsman for class members during their time at the Academy.  Costs of such monitoring shall be borne by the City.

**E.**    **<u>Prejudgment Interest</u>**

      All monetary relief provided to class members pursuant to this Order shall be awarded with compound prejudgment interest at the prime rate.

**F.**    **<u>Postjudgment Interest</u>**

      All monetary relief provided to class members pursuant to this Order shall be awarded with postjudgment interest.

**G.**    **<u>Attorney's Fees and Expenses</u>**

      As prevailing parties, plaintiffs are entitled to an award of attorney's fees and expenses pursuant to 42 U.S.C. § 1988, including expert fees.  42 U.S.C. § 2000e-5(k).  The parties shall

attempt to agree upon the amount of an award pursuant to Local Rule 54.3(d) before a fee motion is filed. Plaintiffs shall also be entitled to an award of fee and costs for monitoring and implementation of this Order after its entry.

**G.     Retention of Jurisdiction**

The Court shall retain jurisdiction of this action for all purposes, including but not limited to matters of construction, implementation and enforcement of the terms of this Order.

APPROVED and ORDERED this ____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE