# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR L. LEWIS, JR.; et al., ) | |
| ) | No. 98 C 5596 |
| Plaintiffs, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | Magistrate Judge Ian H. Levin |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

### REVISED INJUNCTIVE ORDER OF RELIEF

On March 22, 2005, the Court entered a judgment of liability against the City of Chicago and in favor of plaintiffs after holding, in a memorandum opinion the findings of which shall be incorporated herein, that the City's use of its 1995 Firefighter Test with a cut-off score of 89 had a disparate impact on African American candidates, had not been shown to be job-related or consistent with business necessity, was a manifest violation of Title VII and, further, that random selection of candidates with scores of 65 and above to advance to the next steps of the hiring process would have been both an equally valid and less discriminatory alternative.

Resolution of the claims in this case now requires specification and implementation of the remedial relief to be provided to plaintiffs for the City's violation of Title VII.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the City provide the relief set forth below, in accordance with the terms set forth below:

A. **Rightful Place Hiring**

   1. <u>Eligibility</u>. Within ten days after the entry of this Order, a database shall be

1


EXHIBIT A

created containing the names of all members of the class who either have not yet advanced to subsequent steps in the selection process that follow the 1995 Test or, having advanced, have not yet been offered a position at the Quinn Fire Academy and have not been disqualified at any subsequent step of pre-employment screening (i.e., by failing the background check, the physical abilities test, the drug screen or the medical examination).

    2.    <u>Lottery</u>. Within 20 days after the entry of this Order, the names entered into the database (referred to in paragraph A1, above) shall be placed on an eligibility list in random order, using a software application intended for that purpose. The random ordering of the names shall be performed by, and on a computer owned by, an outside party that is not an agent of the City.

    3.    <u>Offers to Class Members to Advance to the Next Steps of the Hiring Process</u>. Within 30 days after entry of this Order, the City shall extend offers to class members to advance to the remaining steps of the entry-level firefighter hiring process (consisting of the physical abilities test, background investigation, drug screen and medical examination) – beginning with the first name on the randomized list created by the lottery process (referred to in paragraph A2 above) and thereafter proceeding in rank order down the list. These offers shall be made by first-class certified mail. The City shall, with the approval of plaintiffs' counsel, employ a skip tracing service to update class members' address information before offers to advance to the next steps of the hiring process are mailed, rather than simply relying on addresses provided by class members in 1995 at the time they registered for the 1995 Firefighter Test. The City shall continue extending offers to class members to advance to the next steps of the hiring process until there exists a pool of at least 132 class members who have undergone and passed all steps of the City's

pre-employment screening for firefighters. All pre-employment screening of class members shall be completed within 120 days after entry of this Order.

4. <u>Offers of Employment</u>. Within 130 days after entry of this Order, the first 132 class members to undergo the background investigation, physical abilities test, drug screen and medical examination and to pass all of them shall be offered employment by the City as Chicago Fire Department ("CFD") candidate firefighters at the Quinn Fire Academy ("the Academy"). The City shall continue making offers of employment to class members pursuant to this Order until 132 class members have accepted such offers.

5. <u>Timing of Entry into the Academy</u>. All class members hired pursuant to paragraph A4 of this Order shall enter the Academy within 12 months of the entry of this Order.

6. <u>No Prejudice to Other Hiring Opportunities.</u> All class members not offered employment by the City as CFD candidate firefighters at the Quinn Fire Academy pursuant to paragraph A4 of this Order, and who have not been disqualified by the City from advancing in the selection process (i.e., by failing the background check, the physical abilities, the drug screen or the medical examination or by failing to report for any of these after being invited to do so), shall continue to compete for positions at the Quinn Fire Academy on the same basis as all other eligible persons with scores between 65 and 88 on the 1995 Firefighter Test. Nothing in this Order shall in any way affect or prejudice class members' rights to be considered for employment with the CFD as part of the City's ongoing hiring of firefighters by random selection from the pool of persons with scores of 65 through 88 on the 1995 Firefighter Test.

B.   **Retroactive Seniority**

1.   <u>Award of both "Competitive" and "Benefits" Seniority</u>. As used in this Order, "retroactive seniority" shall mean crediting of seniority for all purposes for which seniority is used in the CFD.

2.   <u>Constructive Seniority Date</u>. Any class member hired pursuant to the terms of this Order shall be entitled, after completion of the contractual nine-month probationary period of employment, to retroactive seniority credit dating back to December 4, 1998.

3   <u>Eligibility for Promotion to the Rank of Engineer or Lieutenant</u>. For purposes of Section 9.3 of the current Labor Contract (July 1, 1999 to June 30, 2007), or any successor provision, class members hired pursuant to this Order shall, subject to passing an appropriate promotional exam, be eligible for promotion to the position of Engineer or Lieutenant within 30 months after graduation from the Academy. Appropriate promotional examinations for the position of Engineer and Lieutenant shall be offered and administered no sooner than 18 months but no later than 28 months after class members hired pursuant to this Order graduate from the Academy. In all other regards, class members hired under this Order shall be treated, for any purpose for which seniority is considered, as if they had been hired on December 4, 1998, including but not limited to receiving salary and vacation at the same level as the salary and vacation they would be receiving if they had been hired on that date.

4   <u>Compensation for Delayed Promotions to the Rank of Engineer or Lieutenant</u>. Any class member who is promoted to the position of Engineer or Lieutenant from the first eligibility list generated by exams scheduled pursuant to paragraph B3 of this Order shall, upon promotion, receive salary and benefits commensurate with having been promoted 12 months

sooner.

**C.    Back Pay**

1.    <u>Back Pay</u>.  Within 30 days of the entry of this Order, the City shall pay to an interest-bearing escrow account opened by plaintiffs' counsel ('the Escrow Account") the sum of $22,778,533.  When the date(s) upon which members of the shortfall group will enter the Academy have been determined, the City shall make an additional payment into the Escrow Account to account for:  **(a)** the wage increase from the collective bargaining agreement reopener in 2006 and any other intervening increase(s) in wages or benefits; and **(b)** additional back pay owed to members of the shortfall group from the period from August 4, 2006 through their entry into the Academy.

2.    <u>Funding of Pension, And Any Other Applicable Benefits Plans and Programs, Back to Retroactive Seniority Date</u>.  On or before the date of hire of any class member pursuant to paragraph A4 of this Order, the City shall make payments to the Fireman's Annuity & Benefit Fund in order to provide that class member, and his or her family, with the same level of pension funding as if the class member had been hired on December 4, 1998.  If necessary, the Court will direct the Board of Trustees of the Firemen's Annuity & Benefit Fund to accept contributions by the City to fund benefits.

3.    <u>Distribution of Back Pay Amounts to the Class.</u>  No funds shall be distributed from the Escrow Account established pursuant to Paragraph C1, above, without prior order of Court.  Upon approval by the Court, funds from the Escrow Account shall be distributed as follows:

    a.    <u>Payments to Retroactively Fund the Employee-Portion of Pension (and/or

5

.
Amounts shall be deducted and paid from the Escrow Account sufficient to relieve persons hired pursuant to paragraph A4 of this Order of the burden of making out-of-pocket payments to retroactively fund their *employee*-portion of pension contributions (and/or other amounts due as payments from them to retroactively fund other benefit policies, programs or plans).

      b.     <u>Distribution of Remaining Funds to Eligible Class Members Who Do Not Receive Job Offers</u>. The remainder of funds in the Escrow Account shall be distributed in equal shares to eligible class members (as defined in paragraph A1 of this Order) who: **(a)** do not receive job offers pursuant to paragraph A4 of this Order and **(b)** have filed a valid claim form pursuant to paragraph C4 of this Order (below).

      c.     <u>Surplus Funds</u>. If, after distribution of funds pursuant to paragraph C3 (a & b), above, funds remain in the Escrow Account, these shall be paid to the African American Firefighters League for use in recruiting African Americans to apply for positions within the Chicago Fire Department, training African Americans for CFD examinations, and/or renting or purchasing a facility in which to train African Americans for CFD examinations.

    4.     <u>Claims Process/Claims Forms.</u> Within 30 days of acceptance of job offers by 132 class members pursuant to paragraph A4 of this Order, the City shall send, by certified mail (return receipt requested), using the most current available addresses, as specified in paragraph A3 above, to all other eligible class members (as defined in paragraph A1 of this Order), a claim form, in a format developed by plaintiffs' counsel and approved by the Court. Simultaneously, the City shall also publish the claims form in the *Chicago Tribune* and the *Chicago Sun-Times*. The City shall bear the cost of all mailing printing and publication and any other associated

expenses. Claims forms must be returned by eligible class members to plaintiffs' counsel by first class mail, postmarked no later than 30 days from the date of their mailing by the City. Any eligible class member who does not return a claims form within that period shall be deemed to have waived any right to be considered for an award of remedial relief under this Order.

D. **Reporting and Monitoring**

    1        <u>Reporting Requirements During Academy Training</u>. The City shall notify Matthew J. Piers, as class counsel, of the grades received by every plaintiff class member entering the Academy pursuant to paragraph A4 of this Order, during every week of each class member's training at the Academy. The notification shall be in writing. In order to make it possible to evaluate plaintiff class members' standing relative to others at the Academy, the notification shall also include the grades (but need not include the names) received by any candidates at the Academy at the same time who are not members of the shortfall group.

    2.       <u>Monitoring During Academy Training</u>. A current or retired incumbent firefighter member of the plaintiff African American Firefighters League shall be recommended by class counsel and approved by the Court to monitor classroom instruction and to serve as an ombudsman for class members during their time at the Academy. All costs of such monitoring, including salary for the monitor, shall be borne by the City. Further specifics of the monitoring shall be the subject of a supplemental order of the Court.

E. **Prejudgment Interest**

All monetary relief provided to class members pursuant to this Order shall be awarded with compound prejudgment interest at the prime rate.

F. **Postjudgment Interest**

All monetary relief provided to class members pursuant to this Order shall be awarded with postjudgment interest.

### G. Attorney's Fees and Expenses

As prevailing parties, plaintiffs are entitled to an award of attorney's fees and expenses pursuant to 42 U.S.C. § 1988, including expert fees. 42 U.S.C. § 2000e-5(k). The parties shall attempt to agree upon the amount of an award pursuant to Local Rule 54.3(d) before a fee motion is filed. Plaintiffs shall also be entitled to an award of fee and costs for monitoring and implementation of this Order after its entry.

### G. Retention of Jurisdiction

The Court shall retain jurisdiction of this action for all purposes, including but not limited to matters of construction, implementation and enforcement of the terms of this Order.

APPROVED and ORDERED this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE