*FILED*

CLERK, MICHAEL W. DOBBINS, U.S. DISTRICT COURT MAY 04 2007

APPEAL TO THE UNITED STATES COURT OF APPEAL
FOR THE SEVENTH JUDICIAL CIRCUIT
FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*RECEIVED*

MAY 04 2007

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

| | |
|---|---|
| ARTHUR L. LEWIS, JR.; GREGORY S. FOSTER, JR.; ARTHUR C. CHARLESTON, III; PAMELA B. ADAMS; WILLIAM R. MUZZALL; PHILIPPE H. VICTOR; CRAWFORD M. SMITH; ALDRON R. REED; and AFRICAN AMERICAN FIRE FIGHTERS LEAGUE OF CHICAGO, INC., individually, and on behalf of all others similarly situated, ) ) ) ) ) ) ) ) ) ) ) ) | |
| | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| | No. 98 C 5596 |
| Plaintiffs-Appellants, ) ) | |
| v. ) ) ) | The Honorable Joan B. Gottschall, Judge Presiding. |
| CITY OF CHICAGO, ) ) ) | |
| Defendant-Appellee. ) | |

## DEFENDANT-APPELLANT CITY OF CHICAGO'S
## CIRCUIT RULE 3(C) DOCKETING STATEMENT

The defendant-appellant, CITY OF CHICAGO, by its attorney, Mara S.

Georges, Corporation Counsel of the City of Chicago, submits the following

docketing statement, as required by 7th Cir. R. 3(c).

1.     On September 9, 1998, the plaintiff class, which now includes

approximately 6,000 African Americans who were not hired as entry-level

firefighters by the Chicago Fire Department, filed a complaint against the City in

the district court claiming that the written Firefighters Examination in 1995 had a

disparate impact on African Americans and thus that the City discriminated

against them based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (2000). R. 1. Because the complaint raised federal claims, the district court had original jurisdiction over the case under 28 U.S.C. §§ 1331 and 1343(a)(3) (2000).

2.    The district court allowed a bifurcated trial on the issues of liability and relief. R. 118. In January 2004, a bench trial was held on liability. R. 237. On March 22, 2005, the district court entered a memorandum opinion and order finding the City liable for violating the rights of the plaintiff class under Title VII. R. 273-74. A bench trial was subsequently held on the issue of remedies. R. 385. On March 20, 2007, the district court entered a memorandum opinion and order resolving most of the issues regarding remedies, ordered the parties to draft an injunction order in conformity with its opinion by March 28, 2007, and "advise the court of any additional matters that must be resolved before final judgment is entered." R. 390-91.

3.    On April 19, 2007 (docketed on April 20, 2007), the district court issued an "Injunctive Order of Relief," which imposed a permanent injunction regarding hiring and ordered the City to appoint an ombudsman for persons hired pursuant to the order; and resolved the remaining issues concerning relief by outlining how retroactive seniority would be determined and how backpay, interest, and other funds to be paid to plaintiffs would be calculated and processed. R. 404-05. In the same order, the court stated that it would retain jurisdiction for purposes of construction, implementation and enforcement of the terms of the order, and that

2

the plaintiffs were entitled to and could request attorney's fees. R. 405. Also on April 19, 2007 (docketed on April 20, 2007), the district court issued a Fed. R. Civ. P. 58 judgment stating that "judgment of liability is entered against the City of Chicago and in favor of plaintiffs. Civil case terminated." R. 406.

4.      The April 19, 2007 Injunctive Order of Relief is a final and appealable judgment. That judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 463, 467 (1981) (quotation omitted). This is so even though the order does not specify the exact amount of backpay or other funds that may be paid to each plaintiff, and instead explains how those amounts will be calculated. See R. 405 at 4-9. When a judgment does not fix the amount of monetary relief, it is still final as long as the calculation of such relief will be mechanical and uncontroversial. See, e.g., Production & Maintenance Employees, Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1401-02 (7th Cir. 1992). Moreover, the district court's retention of jurisdiction "for purposes of construction, implementation and enforcement of" its terms does not affect the order's finality and appealability. This is because the entry of a permanent injunction in and of itself is a final order, and the district court necessarily retains jurisdiction "to provide such further relief as might be necessary to make the injunction effective." S.E.C. v. Suter, 832 F.2d 988, 990 (7th Cir. 1987). Finally, while the district court has not resolved the award of attorney's fees and expenses under 42 U.S.C. § 1988 (2000), see R. 405 at 10, that also does not alter the order's finality and appealability. A party may appeal before the issue

3

of attorney's fees and costs are resolved because those are separate claims. See,

e.g., Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 456 (7th Cir. 2005).

Finally, the district court's entry of a Fed. R. Civ. P. 58 judgment is "evidence that

the district court is done with the case, making the decision final and therefore

appealable . . . ." Advent Electronics, Inc. v. Buckman, 112 F.3d 267, 273 (7th Cir.

1997).

     5.    The City filed a notice of appeal on May 4, 2007, which was timely

under Fed. R. Civ. P. 4 because it was filed within thirty days of the entry of final

judgment. This court, therefore, has jurisdiction over the City's appeal from a final

judgment under 28 U.S.C. § 1291 (2000). Section 28 U.S.C. § 1292(a)(1) (2000), also

confers appellate jurisdiction here because, under that section, an order entering a

permanent injunction is always immediately appealable, even if other issues

remain for disposition in the district court. See, e.g., Parks v. Pavkovic, 753 F.2d

1397, 1402 (7th Cir.), cert. denied, 473 U.S. 906 (1985).

                        Respectfully submitted,

                        MARA S. GEORGES
                        Corporation Counsel
                         of the City of Chicago

            By:     *Benna Solomon*
                        MYRIAM ZRECZNY KASPER
                        Chief Assistant Corporation Counsel
                        BENNA RUTH SOLOMON
                        Deputy Corporation Counsel
                        30 North LaSalle Street
                        Suite 800
                        Chicago, Illinois 60602
                        (312) 744-3564/7764

## CERTIFICATE OF SERVICE

I certify that I served the attached DEFENDANT-APPELLANT CITY OF CHICAGO'S CIRCUIT RULE 3(C) DOCKETING STATEMENT by placing a copy in an envelope with sufficient postage affixed and directed to the persons named below at the addresses indicated, and depositing the envelope in the United States mail box located at 30 North LaSalle Street, Chicago, Illinois, before 5:00 p.m. on May 4, 2007.

BENNA RUTH SOLOMON, Attorney

Persons served:

Matthew J. Piers
Joshua Karsh
Mary Rowland
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 West Madison St., Suite 4000
Chicago, Illinois 60602
(312) 580-0100

Clyde Murphy
Laurie Wardell
Chicago Lawyers Committee For Civil
Rights Under Law, INC.
100 N. LaSalle St., Suite 600
Chicago, Illinois 60602

Judson H. Miner
Miner Barnhill & Galland, P.C.
14 W. Erie Street
Chicago, Illinois 60610

Fay Clayton
Cynthia Hyndman
Robinson Curley & Clayton
300 S. Wacker, Suite 1700
Chicago, Illinois 60606

Robert Stroup
NAACP Legal Defense & Education
Fund, Inc.
99 Hudson Street, Suite 1600
New York, NY 10013-2897

Patrick O. Patterson
Law Offices of Patrick O. Patterson,
S.C.
7481 N. Beach Drive
Fox Point, WI 53217

Robert S. Sugarman
Stephen B. Horwitz
Sugarman & Horwitz
221 N. LaSalle St., Suite 626
Chicago, Illinois 60601
Fax (312) 629-2930

Chicago Fire Fighters Union, Local 2
440 W. 43rd St.
Chicago, Illinois 60609-6067
Fax (773) 536-8117

Burke Burns & Pinelli, Ltd.
Three First National Plaza
70 West Madison St., Suite 4300
Chicago, Illinois 60602
(312) 541-8603