# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR L. LEWIS, JR., et al., | ) | |
| Plaintiffs, | ) | No. 98 C 5596 |
| v. | ) | Judge Joan B. Gottschall |
| CITY OF CHICAGO, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The City of Chicago ("City") has moved for a stay pending appeal, arguing that it is likely to succeed on the merits of its statute of limitations defense. It further argues that it will be irreparably injured if it is forced to hire and train class members pursuant to an injunction which is likely to be reversed on appeal, that the plaintiff class will suffer no harm from a stay, and that the public interest favors a stay. Plaintiffs respond that they will likewise suffer harm if this court's injunction is stayed. Specifically, they argue that many members of the class–who sought to become firefighters in 1995–will be too advanced in years to take advantage of the jobs which this court has held they were wrongfully denied by the time the stay is lifted. Plaintiffs note that they have already endured nearly ten years of litigation, and that a stay may render the relief contemplated by this court practically impossible given the time an appeal is likely to take and the twenty-four months this court granted the City to implement its injunction. The inability of this court to grant meaningful relief to such individuals is surely irreparable injury.[1]

---

[1] To avoid the difficulties the City has described should it attempt, in the event of a reversal, to collect back pay and pension payments made pursuant to the injunction, plaintiffs seek to enforce only the hiring and monitoring portions of the injunction at this point. Moreover,

The City argues both that it should have prevailed on its statute of limitations defense initially, and that the law has developed in ways that now make its case even stronger, citing *Berger v. AXA Network LLC,* 459 F.3d 804 (7th Cir. 2006) and *Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006). The City also asserts that unless its motion for a stay is granted, it will have to begin hiring firefighters who have no right to their jobs if this court's decision is reversed and the injunction vacated. If the City retains those individuals, having expended resources in money and manpower in hiring and training them, it will almost surely face litigation brought by those who would have been hired had the class members not been. Not only will the City be in a difficult position in deciding what to do with class members who have been hired, but individual class members who leave other jobs to accept firefighter positions will face the possibility of unemployment[2]. In addition, the City argues that the public interest militates in favor of a stay due to the expense of processing and training firefighter applicants, including the expenditure of instructor manpower.

The court has considerable discretion in determining whether to stay an injunction pending appeal. The movant need not demonstrate that that it will probably win on appeal; rather, the movant must only show that it has a substantial case on the merits. *See Harrington v. Heavey*, 2007 WL 257681, *1 (N. D. Ill. Jan. 23, 2007). The Seventh Circuit has indicated that the "significant probability of success on the merits" test, as articulated by the Supreme Court in

---

the plaintiffs are not opposed to waiver of an appeal bond for the City.

[2]Plaintiffs argue in their surreply that litigation by non-class members who have not been hired is impossible under current standing law. The court is not convinced. And even if the plaintiffs are correct and the City would win any such lawsuit, the difficulty of dealing with the prospect of litigation is not diminished.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987), and the "reasonable likelihood of success on the merits" standard for other kinds of stays, are "similar." *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).

The City does not argue in its stay motion that this court's decision on the merits was incorrect. Rather, it argues that the court's denial of the City's statute of limitations defense is likely to be reversed. The court believes, of course, that its decision on the statute of limitations was correct, but the issue was not clear-cut then and time has made it only less clear. *See, e.g, Ledbetter v. Goodyear Tire & Rubber Co.,* __ S. Ct.__, 2007 WL 1528298 (U.S. May 29, 2007) (the period for filing an EEOC charge begins to run when a "discrete act" of discrimination occurs)[3]. Neither case relied on by the City is factually similar enough to this one to settle the issue. In *Berger*, plaintiffs were independent contractors engaged in selling insurance policies for defendant; eligibility to participate in defendant's pension plan depended on their status as full-time insurance sales personnel, determined based entirely upon each salesperson's own assertion. 459 F.3d at 806-07. On January 1, 1999, the company established a sales target which sales people had to meet in order to be considered statutory employees eligible to participate in the pension system and notified its sales personnel of its change in policy. *Id.* at 807. The Seventh Circuit held that the statute of limitations began to run at the time of the announced change in policy, not when the plaintiffs failed to meet the sales target. *Id.* at 815-16. In *Savory*, the Seventh Circuit held that the state's refusal to release evidence for DNA testing was a discrete act that took place on the date of the first refusal. 469 F.3d at 673. This discrete act had

---

[3]Both sides cite this case as supporting their positions – further proof, if further proof were needed, that this issue is difficult.

lingering consequences but was not a continuing violation. *Id.*

In the instant case, in contrast, the violation involves discriminatory impact, not discriminatory treatment, the problem is less the test than the City's use of the test, and the City itself initially agreed to investigate the validity of the test. While the court is unwilling to say that the City's chances on appeal are strong, they are certainly better than negligible, as the case is close. The City has satisfied its burden on the merits.

With respect to irreparable injury, there is plenty of potential irreparable injury on both sides, and the public interest is substantial. The injury to the plaintiffs has been discussed above, but it is important to note that it is an individual injury, compensable at least to some extent in damages. The City's potential injury is more complex. Should the court decline to stay the hiring portions of the injunction, the City will be compelled to begin the processing and training of persons who, but for the injunction, would have no right to be hired. Were this court's decision reversed, the City would have invested resources in processing and training firefighter candidates who have no right to their jobs. Besides the potential for litigation by those who might have been hired but for the injunction, the City, which presumably at the time of the disposition of the appeal would be somewhere in the midst of processing and training the 132 persons whose hiring is compelled by the injunction, would have to decide what to do with the class members. Such a situation would predictably have a substantial negative impact on all the individuals in the processing and training queue, as well as the cohesiveness of the Fire Department as a whole. The difficulties and uncertainties of the City's position in this event would be manifold. Substantial resources, belonging ultimately to the public, in money and manpower would have been expended on processing and training persons who might not be

4

retained as firefighters. Members of the plaintiff class, who had foregone other employment or employment opportunities in order to accept the City's job offer, would be substantially injured were their firefighter jobs taken away. The City and the public would also be injured to the extent that competent potential hirees declined to accept the City's offer of employment because of its uncertainty. The inclusion in the firefighter corps of individuals whose future as firefighters is uncertain would undoubtedly affect negatively the commitment of those individuals, as well as the cohesiveness of the ranks of those with whom they were learning or working, not to speak of those who were training them.

In short, while the court does not minimize the harm to individuals who may never be able to work as firefighters because of delay, it finds the irreparable injury to the City, and to the public, more compelling. The motion for a stay is therefore granted. No bond need be posted.

ENTER:

/s/
Joan B. Gottschall
United States District Judge

Dated: June 7, 2007