

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ARTHUR L. LEWIS, JR.; et al.,            )
                              )      No. 98 C 5596
              Plaintiffs,     )
                              )      Judge Joan B. Gottschall
     v.                      )
                              )
CITY OF CHICAGO,                         )
                              )
              Defendant.     )

## INJUNCTIVE ORDER OF RELIEF

On March 22, 2005 the Court entered a judgment of liability against defendant, City of

Chicago ("the City"), having found that the manner in which the City hired firefighters based on

the 1995 written Firefighters Examination discriminated against African Americans. The court

subsequently joined Chicago Firefighters Union Local #2 ("the Union") and the Firemen's

Annuity and Benefit Fund of Chicago as non-aligned parties for the limited purpose of granting

relief pertaining to seniority and pensions. On March 20, 2007, the Court issued a memorandum

opinion and order concerning the subject of remedies. The terms of both of these earlier

memorandum opinions are incorporated herein. On May 13, 2011, after a remand from the

United States Supreme Court, the Seventh Circuit in turn remanded this case to this Court with

directions that: "The judgment of the district court is affirmed, except with respect to the remedy

based on the first batch of hires. The case is remanded with instructions to modify the remedy to

eliminate any relief based on the hires of May 1996." The Seventh Circuit's mandate, Fed. R.

App. Proc. 41, issued on June 6, 2011. Resolution of the claims in this case now requires

specification and implementation of the remedial relief to be provided to plaintiffs for the City's violation of Title VII.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the City provide the relief set forth below, in accordance with the terms set forth below:

A.  **Rightful Place Hiring**

1.      Eligibility.  Within ten days after the entry of this Order, a database shall be created containing the names and current addresses of all members of the class ("eligible class members") who either have not yet advanced to subsequent steps in the selection process that follow the 1995 Test or, having advanced, have not yet been offered a position at the Chicago Fire Department Training Academy and have not been disqualified at any subsequent step of pre-employment screening (i.e., by failing the background check, the physical abilities test, the drug screen or the medical examination).

2.      Class Notice and Creation of Randomized Jobs Eligibility Lists.  Within 20 days after the entry of this Order, the City shall send a first-class mailed notice and an "Interest Card," in the forms attached hereto as Exhibit 1, together with a stamped, self-addressed return envelope, to each eligible class member at the class member's current address. Current addresses shall be established by skip-tracing before mailing. In the event skip tracing yields one address but a class member has updated his or her contact information providing a different address, notice shall be mailed to both addresses. At the same time, the City shall conduct outreach to publicize the commencement of processing for remedial hiring under this order, by posting the class notice and the Interest Card on easily accessible pages on the City's and the Fire Department's websites and at City libraries. Sixty days after the entry of this Order, the City

2

shall create two randomly ordered Jobs Eligibility Lists, one containing the names of all class members who have returned an interest card indicating that they want to participate in the jobs lottery (the "Interested-in-Job List"), and the second (the "Did-Not-Return-Card List") containing the names of all remaining eligible class members except those who returned an interest card on which they affirmatively elected not to participate in the jobs lottery. At the same time, the City shall provide a copy of both randomized lists to class counsel, with each list including class members' names, addresses, telephone numbers and social security numbers.

3.    Offers to Class Members to Advance to the Next Steps of the Hiring Process.
Within 70 days after entry of this Order (but in no event less than 21 days after mailing of the class notice and interest cards) the City shall extend offers to class members on the randomized Jobs Eligibility Lists (referred to in paragraph A2 above) to advance to the remaining steps of the entry-level firefighter hiring process (consisting of the physical abilities test, background investigation, drug screen and medical examination). The City shall extend the first offers to advance to class members on the randomized Interested-in-Job-List in the order that the names exist on that list. If the City thereafter also makes offers to class members on the Did-Not-Return-Card List, those offers shall be made in the order that those class members appear on that list. All offers to advance shall be made both (a) by first-class and (b) by certified mail, and the City shall, no later than the time of mailing, provide class counsel with a copy of each offer to advance. The City shall continue extending offers to class members to advance to the next steps of the hiring process until there exists a pool of at least 111 class members who have undergone and passed all steps of the City's pre-employment screening for firefighters, providing that there are at least 111 class members who are willing to undergo pre-employment screening and who

3

have passed all steps of the pre-employment screening. All pre-employment screening of class members shall be completed within 180 days after entry of this Order.

    4.    <u>Offers of Employment</u>. Within 190 days after entry of this Order, the first 111 class members to undergo the background investigation, physical abilities test, drug screen and medical examination and to pass all of them shall be offered employment by the City as Chicago Fire Department ("CFD") candidate firefighters at the Chicago Fire Department Training Academy ("the Academy"). The City shall continue making offers of employment to class members pursuant to this Order until 111 class members have accepted such offers and entered the Academy.

    5.    <u>Timing of Entry into the Academy</u>. All class members hired pursuant to paragraph A4 of this Order shall enter the Academy as soon as reasonably possible, but in no event later than 24 months of the entry of this Order.

    6.    <u>Use of the 1996 Eligibility List</u>. The 1996 Eligibility list will be used solely for the purpose of the screening and processing of class members in order to hire the shortfall of 111 class members as firefighters, and other than hiring of class members pursuant to this Order, there shall be no further hiring from the 1996 Eligibility List.

**B.    <u>Retroactive Seniority</u>**

    1.    <u>Constructive Seniority Date</u>. Any class member hired pursuant to the terms of this Order shall be entitled, after completion of the contractual nine-month probationary period of employment, to retroactive seniority credit dating back to June 1, 1999 for all purposes for which seniority is considered except

    (a)    sections 9.3(B)(1) and (2) of the Collective Bargaining Agreement and

4

      (b)     the seven or more years of service required of a fireman to be eligible for an occupational disease disability benefit pursuant to 40 ILCS 5/6-151.1 of the Illinois Pension Code ("Code").

For purposes of section 9.3(B)(1) and (2) and the seven-year service requirement in 40 ILCS 5/6-151.1, a class member's seniority date shall be the actual date each such class member enters the Chicago Fire Department Training Academy to begin firefighter training.

## C.    Back Pay

    1.    Backpay will be awarded with respect to 111.1 shortfall positions, which would have been filled by African Americans but for the manner in which the City hired firefighters based on the 1995 Firefighters Examination, which discriminated against African Americans. Backpay will be computed as follows:

        a.    Backpay period.  The backpay period for each shortfall position shall begin on the date of expected hire and end on the date of actual hire for each of the shortfall positions. For purposes of backpay computations only, the parties shall assume the hire dates for class members set forth in this table:

| Date of Expected Hire | Number of Class Members Expected to Have Been Hired on that Date |
|---|---|
| 10/1/96 | 10.5 |
| 03/04/97 | 12.6 |
| 10/01/97 | 12.2 |
| 02/02/98 | 5.8 |
| 02/16/99 | 10.0 |
| 12/1/99 | 13.8 |
| 07/17/00 | 19.0 |
| 2/20/01 | 13.4 |
| 10/16/01 | 11.0 |
| 11/1/02 | 2.8 |
| TOTAL | 111.1 |

5

      b.    <u>Attrition</u>.  For each year or partial year between the date of expected hire and date of actual hire set forth in the above table, the number of class members for whom backpay is computed shall be reduced by the following factors reflecting actual CFD attrition experience: (a) for the calendar year containing the date of expected hire, 0.0%; (b) for the first calendar year following that year, 1.7%; (c) for each calendar year or partial year after that, 0.4%.

      c.    <u>Lost CFD Wages and Non-Pension Fringe Benefits</u>.  Lost compensation (wages and benefits) for purposes of backpay shall be equal to the Chicago Fire Department ("CFD") wages (including availability and average overtime pay) and non-pension fringe benefits that each shortfall hire would have earned for services as a Chicago Firefighter from the date of expected hire until the date of actual hire.  These computations shall assume that class members remains at the rank of Firefighter throughout the period for which backpay is computed.

      d.    <u>Mitigating earnings from interim employment</u>.  Backpay as provided in paragraph 3 shall be offset by: (a) presumed interim wages earned, which shall be calculated using wage rates for each year equal to the average of "Level 5" and "Level 6" wages as reported in the U.S. Department of Labor's National Compensation Survey for blue collar workers in the Chicago-Naperville-Joliet Metropolitan Statistical Area for the years before 2007, and the Chicago-Naperville-Michigan City Combined Statistical Area for 2007 forward, plus assumed overtime earnings; and (b) presumed interim benefits received, at the rate computed by the U.S. Department of Labor's Annual Compensation Survey for blue collar workers in the Civilian Labor Force nationwide; and (c) adjusted for the probability of unemployment, using the

Civilian Labor Force overall unemployment rate for the Chicago Metropolitan area for each year within the backpay period, as reported by the U.S. Department of Labor, adjusted by a factor of 1.4 to reflect greater relative unemployment among African Americans.

    e.  <u>Backpay before prejudgment interest</u>. The backpay total owed before prejudgment interest, shall be the difference between total lost CFD compensation (paragraph c above) and mitigating earnings from interim employment (paragraph d above).

    f.  <u>Prejudgment interest</u>. Prejudgment interest shall be awarded, with respect to backpay for each of the 111 shortfall positions using the average annual nominal prime rate of interest over the period from the expected date of hire to the actual date of hire. Prejudgment interest shall be computed daily and compounded annually.

  2. <u>Funding of Pension and Any Other Applicable Benefits Plans and Programs Back to June 1, 1999</u>.

    a. <u>Amounts Owed</u>. Payment shall be made by the City to the Fireman's Annuity & Benefit Fund of Chicago ("the Fund") to provide each class member hired and his or her family with the same level of pension/benefits funding as if the class member had been hired on June 1, 1999. The amounts owed to the Fund shall be calculated in accordance with the applicable provisions of Article 6 of the Illinois Pension Code (40 ILCS 5/6-101 *et seq*.).

    b. <u>Principal and Interest</u>. The amounts owed to the Fund shall include both *principal* (i.e., contributions that would have been owed to the Fund in the form of employer and employee contributions had class members hired pursuant to paragraph C1 of this Order been hired on June 1, 1999) *and interest* (i.e., investment returns that would have been earned on those

contributions in the interim), so that the actuarial standing of the Fund is not adversely affected by this judgment.

        c. <u>Sources of Payment</u>. Amounts owed to the Fund reflecting principal that would have been paid to the Fund in the form of employee contributions if class members had been hired on June 1, 1999 shall be paid to the Fund by the City; the City will deduct the amounts necessary to cover these payments from the backpay obligation incurred by it pursuant to paragraph C1 of this Order. Amounts due to the Fund reflecting principal that would have been paid to the Fund in the form of employer contributions, as well as all interest due on both employer and employee contributions, shall be paid by the City in addition to the backpay amount owed by the City pursuant to paragraph C1 of this Order.

        d. <u>Calculation of Interest Owed</u>. Interest due on employee contribution amounts shall be calculated by the Fund at the Fund's average compounded rate of investment return for the period June 1, 1999 through the date of payment of the contributions. Interest due on employer contribution amounts shall be calculated by the Fund at the Fund's average compounded rate of investment return for the period from January 1, 2001 through the date of payment.

        e. <u>Timing of Payments Due to the Fund</u>. The City shall promptly notify the Fund in writing of the hiring of any class member pursuant to this Order. Within ninety (90) days from the date the Fund has been notified in writing that a class member has been hired by the City as a member of the CFD pursuant to the terms of this Order, the Fund will issue a written notice to the City and the hired class member, through their respective counsel of record, identifying the total amount of employer and employee contributions, plus applicable interest,

8

due to the Fund and will provide each with the basis of the Fund's calculation. Within forty-five (45) days after that written notification has been received by class counsel and the City, the City shall remit to the Fund both the employee contribution amounts due and interest owed on those amounts. The corresponding employer contributions due to the Fund will be paid and calculated in the usual and customary manner as specifically set forth under 40 ILCS 5/6-165(a) of the Code (with the exception that the City's payment shall also include all interest due on employer contribution amounts as set forth in paragraph C2d, above).

      3.    <u>Distribution of Back Pay Amounts to the Class.</u>  Within 10 days after the last class member has been hired pursuant to paragraph A4 of this Order, the City shall submit two lists to the Court and plaintiffs' counsel, one with the names all class members hired pursuant to paragraph A4 of this Order, and a second ("the Backpay Eligibility List") consisting of the names of all remaining eligible class members on the randomized list created pursuant to paragraph A1 and A2 of this order who have not been hired pursuant to paragraph A4 of this Order. Plaintiffs' counsel shall have 30 days to review the lists and file objection(s) to them, if any. Thereafter, the Court shall promptly resolve objections, if any, and approve the lists. Within 10 days after approval of the lists by the Court, pursuant to paragraph C4 of this Order, the City shall provide claims forms and claims-form information to each class member on the Backpay Eligibility List. Within 30-60 days of the deadline for the filing of these claims forms by class members, the City shall distribute funds as follows:

      a.    <u>Payments to Retroactively Fund the Employee-Portion of Pension (and/or similar) Contributions Owed by Class Members Hired Pursuant to Paragraph A4 of this Order.</u> The City shall pay amounts sufficient to relieve persons hired pursuant to paragraph A4 of this

9

Order of the burden of making out-of-pocket payments to retroactively fund their employee-portion of pension contributions (and/or other amounts due as payments from them to retroactively fund other benefit policies, programs or plans).

        b.    <u>Distribution of Remaining Funds to Eligible Class Members Who Do Not Receive Job Offers</u>.  The remainder of funds owed pursuant to paragraph C1 of this Order shall be distributed, by first-class certified mail, in equal shares to eligible class members:  **(a)** on the Backpay Eligibility List provided for in paragraph C3 of this Order and **(b)** who have filed a valid claim form pursuant to paragraph C4 of this Order (below).

        c.    <u>Surplus Funds</u>.  If, after distribution of funds pursuant to paragraph C3 (a and b) above, funds remain, these shall be deposited in the Registry of the Court pending determination of their ultimate disposition.

        4.    <u>Claims Process/Claims Forms.</u> Within 30 days of the last hire from the plaintiff class, the City shall send a claim form, in a format developed by the parties and approved by the Court, to all class members on the Backpay Eligibility List by first class mail.  At the same time, the City shall also publish the claims form in the Chicago Tribune and the Chicago Sun-Times and post the claim form on an easily accessible page on the City's website. The City shall bear the cost of all mailing, printing and publication and any other associated expenses.  Claims forms must be returned by eligible class members, or in the case of a deceased eligible class member by the lawful heir or representative of his or her estate, to plaintiffs' counsel by first class mail, postmarked by a date to be determined by the Court.

**D.    Reporting and Monitoring**

1.    Monitoring During Academy Training.  Within 120 days of entry of this Order, Annette Holt, an incumbent uniformed member of the CFD acceptable to both the City and the plaintiffs, shall be appointed to act as an ombudsman for persons hired pursuant to paragraph A4 of the Order during their Academy training, with responsibility for addressing the special needs and problems of people entering the Academy as a result of this lawsuit and for reporting to the court, if necessary, on the progress of the shortfall group. All costs of such monitoring, including salary for the monitor, shall be borne by the City.  Further specifics of the monitoring may be the subject of a supplemental order of the Court.

**E.    Prejudgment Interest**

All monetary relief provided to class members pursuant to this Order shall be awarded with compound prejudgment interest at the prime rate.

**F.    Postjudgment Interest**

All monetary relief provided to class members pursuant to this Order shall be awarded with postjudgment interest.

**G. Attorney's Fees and Expenses.**

As prevailing parties, plaintiffs are entitled to an award of attorney's fees and expenses pursuant to 42 U.S.C. § 1988, including expert fees.  42 U.S.C. § 2000e-5(k).  The parties shall attempt to agree upon the amount of an award pursuant to Local Rule 54.3(d) before a fee motion is filed.  Plaintiffs shall also be entitled to an award of fee and costs for monitoring and implementation of this Order after its entry.

11

**H.**     **Retention of Jurisdiction**

The Court shall retain jurisdiction of this action for purposes of construction,

implementation and enforcement of the terms of this Order.


APPROVED and ORDERED this ___17___ day of August, 2011.


_____

UNITED STATES DISTRICT JUDGE

12

<u>Exhibit 1</u>

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CLASS ACTION NOTICE FOR <u>LEWIS V. CITY OF CHICAGO</u>

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

[Name (preprinted)]
[Address (preprinted)]

BASIC INFORMATION

## 1. Why am I receiving this notice?

You are receiving this court-approved notice because records indicate that:

- You took the 1995 Chicago Firefighter Examination, administered by the City of Chicago, seeking to become a member of the Chicago Fire Department;

- Your score on that test was between 65 and 88,

- You identified yourself on the test application as an African American, and

- You did not advance to the next steps in the hiring process (a physical abilities test, background check, drug test and medical exam) *or* you advanced to and successfully completed those next steps but were not hired because the City stopped hiring applicants from the 1995 Test before hiring you.

- You are, as a result, a class member in a class action lawsuit, in which judgment was entered against the City of Chicago in federal court in Chicago, known as *Lewis v. City of Chicago*.

## 2. What do I get as a class member in this lawsuit, *Lewis v. City of Chicago*?

- On August [Date], 2011, the court entered an order that requires the City:
  (a) to hire 111 African-American class members as candidate firefighters and
  (b) distribute tens of millions of dollars in backpay in equal shares among the class members who are not given an opportunity to be hired.

1

- As a class member, you are eligible to compete for one of the 111 jobs as a candidate firefighter, at the Chicago Fire Department Training Academy, that are reserved exclusively for class members in this lawsuit.

- As a class member, you are also eligible to receive a monetary award.

- No class member will get both a job and a monetary award. If you get the job, you will not get the monetary award and vice versa...

- Both the jobs and the monetary award are the result of a court judgment that has been entered against the City of Chicago. The court has held that the manner in which the City hired firefighters between 1996 and 2001, based on their scores on the 1995 Chicago Firefighter Examination, discriminated against African Americans.

**3. If I want one of the 111 jobs, what should I do to make sure I'm considered for one of those positions?**

Return the Interest Card enclosed with this Notice, postmarked no later than September [ ], 2011, after filling in the box next to the words "I WANT to be considered for a candidate firefighter job." The first people to be invited for further screening for a job will be the ones who have returned the interest card indicating "I WANT to be considered for a candidate firefighter job." *Accordingly, if you want to be considered for a job, it is in your best interest to return the Interest Card after filling in the box next to the words "I WANT to be considered for a candidate firefighter job.*

Even if you are unable to return the Interest Card for any reason, you may, however, still be considered for one of the 111 jobs, but only after those who have returned the Interest Card stating they want the job have been considered and only if insufficient numbers have returned the Interest Card stating that they want the job.

2

## 4. I don't want a firefighter job any more. What should I do?

If you do NOT want one of the 111 jobs, you should return the Interest Card enclosed with this notice, postmarked no later than September [ ], 2011, after filling in the box next to the words "I do NOT want to be considered for a candidate firefighter job." By returning the card with that box filled in, you will be giving up the opportunity to get a firefighter job, but you will still be entitled to a share of the monetary award when it is distributed.

Before starting training at the Chicago Fire Department Training Academy, all candidates must take and pass a physical abilities test, background check, drug test and medical exam. All candidates must also have a driver's license and, at the time they enter the Academy, reside in the City of Chicago. *If you will not be able to meet all those requirements, you should fill in the box next to the words "I do NOT want to be considered for a candidate firefighter job."* If you do so, you will still be entitled to a share of the monetary award when it is distributed.

## 5. If I am invited for further screening but I don't pass all the screens, will I still receive a share of the monetary award?

Yes.

### GETTING A JOB

## 6. How will the Jobs Lottery be conducted?

All class members will have their names entered into a pool for the jobs lottery, except those who affirmatively opt out by returning an Interest Card with the box filled in next to the words "I do NOT want to be considered for a candidate firefighter job."

The Court has ordered the City to hire 111 class members as candidate firefighters to be trained at the Chicago Fire Department Training Academy. If your name is selected in the jobs lottery and you want to compete for one of the 111 jobs, you will have to undergo further screening, consisting of a physical abilities test, background check, drug test and medical exam.

It is not practical to administer screening to approximately 6,000 class members in order to hire 111 people. Therefore, under a plan approved by the Court, the City will create two lists, both in random order, of class members who are under consideration for a job. The first list will include all class members who returned an Interest Card with the box filled in next to the words "I WANT to be considered for a candidate firefighter job." The second list will include all other class members, except those who affirmatively opt out by returning an Interest Card with the box filled in next to the words "I do NOT want to be considered for a candidate firefighter job." Those at the top of the "interest card" list will be the first class members who will be invited, in rank order, to take the physical abilities test, which is the first step in further screening for a candidate firefighter job. It is estimated that at least 750 class members will be randomly selected to take the physical abilities test. Of those who pass the physical abilities test, 111 individuals ultimately will be admitted to the Chicago Fire Department Training Academy, after taking and passing the physical abilities test, background check, drug test and medical exam.

## 7. How long until people are actually hired?

It is expected that administration of the physical abilities test will begin in October 2011 and that the 111 hires will enter the Chicago Fire Training Academy by the end of March 2012.

## 8. I want a job.
## What should I do to prepare for the physical abilities test?

There are two things you should do now to prepare for the physical abilities test, in case you are one of the at least 750 class members selected at random in the jobs lottery to take that test.

First, you will need a medical clearance from your doctor. A copy of the required medical-clearance form is enclosed with this notice. You should see your doctor to have your doctor fill out that medical clearance form now.

Second, you can watch this YouTube video showing you how to prepare for the physical abilities test at: http://www.youtube.com/user/ChicagoFD#p/u. You can also watch the video at www.cityofchicago.org/fire under the Multimedia Gallery "Chicago Fire Department YouTube Channel." Or you can purchase a DVD of the video for $3 at City Hall in Room 107 (Department of Revenue).

4

RECEIVING A SHARE OF THE MONETARY AWARD

## 9. How can I receive a share of the backpay award?

If your name is at the top of this notice, and you do not receive one of the 111 jobs, then you will receive a share of the backpay. You do not need to do anything right now to protect your eligibility to receive a share of the backpay money.

## 10. If I receive backpay money instead of a job, how much money will I get?

Nobody will receive both a job and a backpay award. Backpay awards are for class members who do not receive jobs, although a portion of the backpay funds will be set aside to make pension contributions for those who do receive a job.

The remaining backpay funds will be shared equally among all eligible class members. As a result, exactly how much you will receive will depend on how many other class members also come forward to claim their share. Our best estimate, however, is that every eligible class member will receive at least $5,000.

## 11. When will backpay money be distributed?

The backpay money will not be distributed until after the 111 are hired and enter the Fire Academy. It is expected that that the 111 hires will enter the Chicago Fire Training Academy by the end of March 2012, under the court's order.

THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in this case?

Yes. Two civil rights organizations and four private law firms are working together on this case and represent the entire plaintiff class, including you. The civil rights organizations are: The Chicago Lawyers' Committee for Civil Rights Under Law and the NAACP Legal Defense and Educational Fund, Inc. (LDF). You will not be charged to be represented by any of the lawyers who represent the class. These lawyers are called Class Counsel.

5

GETTING MORE INFORMATION

**13. Where can I find out more about this case?**

You can find out more about this lawsuit, *Lewis v. City of Chicago*, online at the website created to provide information to you and other class members about the lawsuit. That website is located at: www.cfd1995testlitigation.com. You can also watch this YouTube video showing you how to prepare for the physical abilities test at:

www.youtube.com/user/ChicagoFD#p/u

OR

www.cityofchicago.org/fire — (under the Multimedia Gallery "Chicago Fire Department YouTube Channel")

6

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

### APPLICANT INTEREST CARD
### FOR LEWIS V. CITY OF CHICAGO CLASS MEMBERS

[Name (preprinted)]
[Address (preprinted)]
[Last 4 Digits SSN (preprinted)]

You should return this card, postmarked no later than September __, 2011, (you may use the enclosed stamped, self-addressed envelope) to:

1995 Chicago Firefighter Test Litigation,
P.O. Box ___,
Chicago, IL 606__.

The first people to be invited for further screening for a job will be the ones who have returned this Interest Card indicating "I WANT to be considered for a candidate firefighter job." **Accordingly, if you want to be considered for a job, it is in your best interest to return this Interest Card, postmarked no later than September __ , 2011, after filling in the box next to the words "I WANT to be considered for a candidate firefighter job."**

**Please fill in the box below that applies to you:**

☐ "I do NOT want to be considered for a candidate firefighter job."

☐ "I WANT to be considered for a candidate firefighter job."

Name: _____ [Print]

Signature: _____