IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR L. LEWIS, JR., et al., | |
| Plaintiffs, | Case No. 98 C 5596 |
| v. | Judge Joan B. Gottschall |
| CITY OF CHICAGO, | |
| Defendant. | |

## ORDER

This matter comes before the Court on Plaintiffs' Unopposed Motion to Award Plaintiffs' Attorney's Fees and Costs ("Motion").

The Court, having considered the Motion and being aware of the extensive history and record in this case, finds as follows pursuant to Rules 23(h)(1) and 52(a) of the Federal Rules of Civil Procedure:

1. After protracted legal proceedings in this class action, including a full trial on both liability and extensive remedial proceedings before this Court, two appeals and one remand to the United States Court of Appeals for the Seventh Circuit, and an appeal to the United States Supreme Court, this Court has found that plaintiffs are prevailing parties within the meaning of Section 706(K) of Title VII of the Civil Rights Act of 1964. 42 USC § 2000e-5(K).

2. Counsel for Plaintiffs have worked effectively and diligently, representing the plaintiff class over the fourteen years that this hard fought case has been pending, and on pre-litigation matters for three years before the lawsuit

was filed.

3. Plaintiffs have obtained excellent results in this case, including hiring opportunities as Chicago firefighters for 111 class members, and tens of millions of dollars of back pay and pension benefits. As the United States Supreme Court has held: "where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1982).

4. Through the end of the summer of 2011, Plaintiffs' counsel have invested over 19,122 hours of attorney time and 1450 hours of paralegal time in representation of the Plaintiffs, and have advanced over $600,000 in expenses on behalf of plaintiffs. Plaintiffs have been represented by a legal team of highly experienced lawyers, many of whom are nationally recognized as leading Title VII and civil rights practitioners. To date, they have received no fees for their work on this matter, and have received only $36,395.55 in taxable costs pursuant to this Court's Order of October 19, 2011.

5. Pursuant to orders of this Court and Local Rule 54.3 of the United States District Court for the Northern District of Illinois, the parties have engaged in disclosures of information which have resulted in unopposed claims for plaintiffs' attorney's fees and costs in the amounts and for work and expenses through the dates indicated below. The Court finds that in light of the quality and quantity of the work and expense invested in this case, as well as the outstanding results achieved, that the amounts of legal fees and costs are more than justified.

6. The procedures regarding attorney's fees and expenses that preceded

the Motion did not begin until well after the City began to implement the adjudicated remedies in this case, and the proposed awards of attorney's fees and costs do not diminish or adversely impact in any manner the recovery of the plaintiff class. The Court is well aware of the fact that the City of Chicago has defended this case vigorously from its inception. The Court finds that there is neither any evidence of collusion nor other impropriety in the parties' discussions regarding attorney's fees and costs, nor any adverse impact on the plaintiff class from the proposed awards of attorney's fees and costs as, among other things, consideration of these matters did not begin until well after the City began to implement the adjudicated remedies in this case.

7. Accordingly, pursuant to Federal Rules of Civil Procedures 23(h) and 54(d)(2), this Court finds that the proposed awards of attorney's fees and costs are fair and reasonable, and orders that the City of Chicago make the following payments of attorney's fees and costs to each of the indicated plaintiffs' counsel on or before April 25, 2012:

   a. To the Law Office of Patrick O. Patterson, S.C., $290,000 in fees and $1,689.03 in costs for work done and costs expended;

   b. To the NAACP Legal Defense Fund, Inc., $990,500 in fees and $246,149.51 in costs for work done and costs expended through September 23, 2011;

   c. To Robinson, Curley & Clayton, $725,000 in fees and $7,090.82 in costs for work done and costs expended through September

3

23, 2011;

d. To the Chicago Lawyers Committee for Civil Rights Under Law, $853,500 in fees and $111,169.65 in costs for work done and costs expended through September 23, 2011;

e. To Hughes Socol Piers Resnick & Dym, Ltd., $2,725,000 in fees and $95,339.11 in costs for work done and costs expended through September 23, 2011;

f. To Bridget Arimond, $533,000 in fees for work done and costs expended through September 23, 2011;

g. To Miner Barnhill & Galland, P.C., $1,413,000 in fees and $161,535.50 in costs for work done and costs expended through September 15, 2011;

8. Plaintiffs' counsel have served notice of the Motion and a copy of this order (as proposed) by first class mail notice to the class members, and have also posted it on the website they maintain for this case ("class website"): www.cfd1995testlitigation.com. The Court finds that this manner of notice was reasonable and in compliance with Federal Rule of Civil Procedure 23(h)(4). The Court further directs Plaintiffs' counsel to post this Order on the website, and finds that notice of any future claim by Plaintiffs' counsel for attorney's fees and costs in this matter need not be mailed to the class members, but may be reasonably directed to the class members by posting it and any related, proposed order on the class website at least fourteen days prior to presentation to this Court.

4

APPROVED and ORDERED this 21st day of March, 2012.

_____
JOAN B. GOTTSCHALL
UNITED STATES DISTRICT JUDGE