UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR L. LEWIS, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 98 C 5596 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Following an eight-day bench trial in January 2004, this court entered judgment of liability against the City of Chicago (the "City"), finding that the manner in which the City had hired firefighters based on a 1995 written examination was unlawful under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The court then conducted a hearing and considered briefing regarding the appropriate remedy. On March 20, 2007, the court issued a decision on the subject of remedies. The court ordered the City to hire 132 firefighters from the plaintiff class and ordered the City to grant the firefighters retroactive seniority dating back to the date they would have been hired had the City not unlawfully discriminated against them. After the judgment was affirmed on appeal, the court entered an injunctive order which clarified that the firefighters were entitled to retroactive seniority "for all purposes for which seniority is considered."

Some of the firefighters hired as part of the class in this case have since asked the Chicago Fire Department (the "CFD") to add two "service bars" to their dress uniforms, which they wear on formal occasions. A service bar is a stripe that is worn on the shoulder of a

firefighter's uniform. The CFD typically permits firefighters to wear two service bars once they have served in the department for ten years. The CFD refused to allow the plaintiffs here to wear service bars, claiming that they have not earned the right to wear the bars because they have not served in the department for ten years. The firefighters then filed this motion, arguing that the court's injunctive order requires the CFD to award them two service bars.

As explained below, the court finds this to be a challenging question. Nevertheless, the court ultimately finds in favor of the plaintiffs, who would have been awarded the service bars had the City not unlawfully discriminated against them. Accordingly, the plaintiffs' motion is granted.

## I. BACKGROUND

### A. The Court's Decision on Remedies

The court's decision on remedies highlighted the difficulty in crafting appropriate relief in this case. Although the court strove to give the plaintiffs the make-whole relief that Title VII contemplates, this was impractical for various reasons. The plaintiff class was composed of approximately 6,000 African-Americans who applied for entry-level firefighter jobs, but only 132 of them would have been hired had the hiring process not been discriminatory. There was no way to know who would have been hired, so the court ordered that the new hires be chosen by lot. The court noted that although this was an imperfect solution, it was a fair solution under the circumstances.

Similarly, with respect to the issue of promotions, the court had to weigh making the plaintiffs whole against the potential disruption that promoting firefighters with less experience would cause in the department. The plaintiffs sought to reduce the "time-in-grade" requirement for promotion from fifty-four months to thirty months. They argued that a reduction to thirty

2

months was an important part of making them whole. But considering the potential disruption this would have on the department and its public safety mission, the court ultimately denied this request.

After resolving the parties' disputes on the subject of remedies, the court directed the parties to prepare an agreed injunctive order that conformed to the court's decision. That injunctive order includes a section titled "Retroactive Seniority." It states:

> **B.** **Retroactive Seniority**
>
> 1. <u>Constructive Seniority Date.</u> Any class member hired pursuant to the terms of this Order shall be entitled, after completion of the contractual nine-month probationary period of employment, to retroactive seniority credit dating back to June 1, 1999 for all purposes for which seniority is considered except
>
>> (a) sections 9.3(B)(1) and (2) of the Collective Bargaining Agreement [relating to promotions] and
>>
>> (b) the seven or more years of service required of a fireman to be eligible for an occupational disease disability benefit pursuant to 40 ILCS 5/6-151.1 of the Illinois Pension Code ("Code").
>
> For purposes of section 9.3(B)(1) and (2) and the seven-year service requirement of 40 ILCS 5/6-151.1, a class member's seniority date shall be the actual date each such class member enters the Chicago Fire Department Training Academy to begin firefighter training.

(Inj. Order § B, ECF No. 470.)

"Seniority" is not defined in the injunctive order. The parties' collective bargaining agreement ("CBA") defines seniority as "an employee's length of continuous service since his last date of hire." (Pls.' Mot. to Enforce Ex. D (CBA) § 9.1(A).) The CBA goes on to state that a firefighter's continuous service shall be terminated when the firefighter (i) "resigns or quits"; (ii) "is discharged for just cause"; (iii) "retires or is retired"; (iv) "is absent for three (3) consecutive days (workdays) without notifying the Employer's authorized representative"; (v) "is laid off and fails to report for work within ten (10) calendar days after mailing . . . a notification of recall . . ."; or (vi) "does not report to work after the termination of an

3

unauthorized leave of absence." (*Id.* § 9.1(C).) If a firefighter takes a leave of absence beyond thirty days, the firefighter's seniority date is adjusted by the length of the leave in excess of thirty days. (*Id.* § 9.1(G).) If a firefighter returns to active duty after a period during which the firefighter received duty, occupational, or ordinary disability benefits, the firefighter's seniority is continued based on the firefighter's last date of hire without adjustment. (*Id.* § 9.1(H).)

## B. The CFD's Policy on Service Bars

CFD General Order 08-001 addresses when a firefighter has earned the right to wear service bars. The order reads as follows:

> E. DISPLAY OF SERVICE BARS
>
> 1. All members who wear the prescribed uniform shall wear service bar(s) and/or star(s) . . . upon the completion of the following periods of service:
>
> | | |
> |---|---|
> | 5 years – one (1) bar | 25 years – one (1) star and one (1) bar |
> | 10 years – two (2) bars | 30 years – one (1) star and two (2) bars |
> | 15 years – three (3) bars | 35 years – one (1) star and three (3) bars |
> | 20 years – one (1) star | 40 years – two (2) stars |

(Pls.' Mot. to Enforce Ex. B (General Order 08-001) § VIII(E), ECF No. 672-2.)

Although not provided for under General Order 08-001, the CFD awards a firefighter credit for completing a "period of service" in certain circumstances, notwithstanding the firefighter's lack of actual service during that period. For example, the CFD awards credit to firefighters who are reinstated after successfully challenging their termination before an arbitrator. In such cases, the CFD treats the reinstated firefighter's period of service as including the period between termination and reinstatement. (Pls.' Reply Ex. A (Stipulation) ¶ 1.) The CFD awards credit to firefighters who leave to serve in the military. (*Id.* ¶ 2.) The CFD awards credit to firefighters who leave work temporarily because of an injury suffered while on duty, or because of an injury suffered while off-duty if the pension board grants the firefighter disability

4

leave. (Oral Arg. Tr., Dec. 6, 2013 (Test. of Charles Stewart III).) The CFD awards credit to firefighters who go on family medical leave. (*Id.*)

In some of these cases, the CFD is required by law to award firefighters credit. Regarding military service, 38 U.S.C. § 4316(a) provides:

> A person who is reemployed [after serving in the military] is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service . . . plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed.

Regarding firefighters who are reinstated after arbitration, CBA Section 16.2(C) provides:

> Any employee found to be unjustly suspended or discharged shall be reinstated with full compensation for all lost time and with full restoration of all other rights, benefits, and conditions of employment, without prejudice, unless a lesser remedy is agreed-upon as a grievance settlement or deemed appropriate by an Arbitrator.

(Def.'s Surreply Ex. B 64, ECF No. 684-2.)

Other than the exception for military service, the cases in which the CFD awards "period of service" credit generally involve periods of time that are significantly shorter than the credit that the plaintiffs now seek.

## II. ANALYSIS

### A. Interpreting the Injunctive Order

The parties agreed on the wording of the injunctive order. The court interprets the injunctive order in the same way that it would interpret a contract, seeking to give effect to the intent of the parties. *See Bailey v. Roob*, 567 F.3d 930, 940 (7th Cir. 2009); *Alliance to End Repression v. City of Chi.*, 742 F.2d 1007, 1013 (7th Cir. 1984). The court looks first to the text of the order to try to discern the parties' intent. *United States v. City of Northlake, Ill.*, 942 F.2d 1164, 1167 (7th Cir. 1991). If the text is unclear, then the court may consider extrinsic evidence. *Id.*

5

The injunctive order states that new firefighters "shall be entitled . . . to retroactive seniority credit dating back to June 1, 1999 for all purposes for which seniority is considered . . . ." (Inj. Order § B(1).) In the plaintiffs' view, "retroactive seniority credit" entails credit awarded for the purpose of awarding service bars. This interpretation is supported by the CBA, which defines seniority as "an employee's length of continuous service since his last date of hire." (CBA § 9.1.) The CBA thus equates seniority to a firefighter's period of service. Consequently, the plaintiffs argue, the injunctive order should be interpreted to mean that the new firefighters are entitled to credit for completing a "period of service" dating back to June 1, 1999. Under that interpretation, the plaintiffs would be entitled to wear two service bars.

The City argues, however, that "seniority" cannot simply be equated to a firefighter's period of service. "Seniority," the City contends, is a *status* that a firefighter attains. Although this status *generally* corresponds to a firefighter's period of service, it can be artificially adjusted under the CBA. "Retroactive seniority credit," in this view, entails credit awarded for the purpose of certain benefits, but not for the purpose of awarding service bars. Whether a firefighter is awarded service bars depends on the firefighter's actual time served in the line of duty, which may or may not correspond to the firefighter's seniority.

Both interpretations are reasonable. Faced with an ambiguous injunctive order, then, the court looks to the underlying purposes of Title VII and the relief that Congress sought to provide to injured parties under that statute.

As discussed in the court's decision on remedies, one of the essential purposes of Title VII is to make persons whole for injuries suffered on account of unlawful employment discrimination. *See Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (7th Cir. 1998). The remedial purpose of Title VII "is to place the victims 'where they would have been were it not

for the unlawful discrimination.'" *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1045 (7th Cir. 1994). A district court is given "broad discretion to fashion an equitable remedy that makes whole a plaintiff who has been discriminated against by his employer." *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 863 (7th Cir. 2001).

Given that the purpose of Title VII is to place the plaintiffs where they would have been were it not for the unlawful discrimination, it would seem to follow that the plaintiffs should be awarded service bars here. After all, if no discrimination had taken place, the plaintiffs would have begun serving on June 1, 1999, and would be entitled to wear two bars today.

The City argues, however, that the primary focus of make-whole relief is to remedy *economic* injuries. The City argues that whatever harm the plaintiffs would suffer is outweighed by the disruption that would result from other firefighters perceiving that the new hires have received an important honor that they did not deserve. The City argues that this issue is similar to the issue of whether the time-in-grade requirement should have been reduced for new hires, where the court found that the objective of making the plaintiffs whole was outweighed by the concern that reducing the requirement would disrupt the department.

The court finds the City's arguments here to be unpersuasive. Although the primary focus of make-whole relief may be economic injuries, Title VII has always been concerned with more than just that. *See United States v. Burke*, 504 U.S. 229, 254 (1992) ("Title VII has always been expansive, extending not just to economic inequality, but also to . . . 'demeaning and disconcerting' conditions of employment.") (O'Connor, J., dissenting) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67 (1986)). When firefighters hired pursuant to this court's judgment wear their dress uniforms, the absence of service bars reminds them—and reminds all other witnesses—of the City's discrimination against them. When they appear at

public ceremonies, their uniforms signify that they are less equal than their peers. These harms are no less serious than any economic injury the plaintiffs have suffered.

Nor can the court agree with the City that these harms are outweighed by the potential disruption to the department. In considering the time-in-grade issue, the court found it significant that requiring the new hires to be promoted after only thirty months (as opposed to fifty-four) could have serious implications for public safety. No such public safety concerns exist here. To the extent that allowing the plaintiffs to wear service bars may cause other firefighters to resent them, that is not a reason to deny the plaintiffs the relief they seek. Presumably, the plaintiffs have considered that risk but have decided to seek judicial intervention anyway.

Accordingly, in order to place them where they would be were it not for the unlawful discrimination, the court finds that the plaintiffs should be permitted to wear service bars reflecting a period of service beginning on June 1, 1999.[1]

## B. Plaintiff's Request for a Rule to Show Cause

Finally, the plaintiffs request that the court order the City to show cause why it should not be held in contempt for violating the injunctive order. The request is not well-taken and is rejected. For a party to be found in contempt, the opposing party must prove by clear and

---

[1] Even under the City's interpretation of the injunctive order, the court would be inclined to find in favor of the plaintiffs, as the actual practice of the CFD is consistent with awarding service bars based on a firefighter's seniority. The CFD awards what it calls "credit for completing a period of service" to: (i) firefighters who are fired but then reinstated by an arbitrator; (ii) firefighters who leave to serve in the military; (iii) firefighters who leave work temporarily because of an injury suffered while on duty; (iv) firefighters who leave work temporarily because of an injury suffered while off-duty where the pension board grants disability leave; and (v) firefighters who go on family medical leave. The City notes that some of these exceptions are required by law, and that others result in only a *de minimis* credit. Still, it is clearly not the case that the CFD has awarded service bars based only on actual time in service in the line of duty, as the numerous exceptions show that this is not the case. It rather appears that the CFD's actual practice was to award service bars based on seniority until this dispute arose.

convincing evidence that a party violated a court order that "sets forth in specific detail an unequivocal command . . . ." *Goluba v. Sch. Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995) (internal quotation marks omitted). There was no unequivocal command to allow the plaintiffs to wear service bars; as discussed above, the City's interpretation was not unreasonable. The request for a rule to show cause is therefore denied.

### III. CONCLUSION

The plaintiffs' motion is granted, except that the court denies the plaintiffs' request for a rule to show cause. The firefighters hired pursuant to this court's judgment shall be permitted to wear two service bars on their dress uniforms.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 13, 2014