UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR L. LEWIS, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 98-cv-5596 |
| v. | ) | |
| | ) | Hon. Joan B. Gottschall, Judge |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO ENFORCE AND FOR RULE TO SHOW CAUSE**

**COMES NOW**, the Plaintiffs, Darrell Payne, Yolanda Webb, Michael Taqee, Chris Signator, Burke Smith, Benjamin Whitt, and other members of a class of similarly situated employees of the Chicago Fire Department, (hereinafter, collectively, "Plaintiffs"), a complete listing of which is attached hereto as Exhibit 1, by and through their undersigned counsel and hereby move this Honorable Court to enforce this Court's Memorandum and Order (Dkt. #391) entered on March 20, 2007. In support of this Motion, Plaintiff shows as follows:

1. On September 9, 1998, Arthur L. Lewis Jr., et al and the African American FireFighters League of Chicago, Inc., filed a complaint (Dkt. #1) in this Honorable Court under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e, *et seq*. alleging race discrimination by the City of Chicago regarding the 1995 City of Chicago Firefighter's written entrance exam.

2. As part of the Prayer for Relief, plaintiffs prayed that the Court:

a. Hire forthwith an appropriate number of African American firefighters.

b. Would award constructive seniority to the African Americans hired as a result of said litigation.

c.  Award back pay together with prejudgment interest

d.  Award such other and further relief as may be appropriate including compensatory damages, and attorney fees.

3. This Court conducted an eight-day bench trial on plaintiffs' claims in January 2004.

4. On March 22, 2005, this Court issued its opinion and order (Dkt. #274) and a judgment of liability against the Defendant, City of Chicago ("the City"), having found that the manner in which the City hired firefighters based on the 1995 written Firefighters Examination discriminated against African Americans. *Lewis v. City of Chicago*, No. 98 CV 5596, 2005 WL 693618, at *1 (N.D. Ill. March 22, 2005).

5. This Court subsequently joined Chicago Firefighters Union Local #2 ("the Union") and the Firemen's Annuity and Benefit Fund of Chicago as non-aligned parties for the limited purpose of granting relief pertaining to seniority and pensions.

6. On March 20, 2007, this Court issued a memorandum opinion and order (Dkt. #391) concerning the subject of remedies, in which this Court stated:" If plaintiffs so request, the court can consider giving some monetary relief to the shortfall group for lost promotion opportunities." The terms of both of these earlier memorandum opinions are incorporated herein.

7. On August 17, 2011, this Court issued an injunctive order of relief (Dkt. #464) prescribing the remedies to be provided to plaintiffs for the City's violation of Title VII. Regarding retroactive seniority, after completion of the contractual nine-month probationary period of employment, plaintiffs were entitled to retroactive seniority credit back to June 1, 1999, for all purposes which seniority is credited except:

a.  Sections 9.3(B)(1) and (2) of the Collective Bargaining Agreement and the seven or more years of service required of a fireman to be eligible for an occupational disease disability benefit

2

pursuant to 40 ILCS 5/6-151.1 of the Illinois Pension Code ("Code") See Exhibit 5

b. "For purposes of section 9.3(B)(1) and (2) and the seven-year service requirement in 40 ILCS 5/6- 151.1, a class member's seniority date shall be the actual date each class member enters the Chicago Fire Department Training Academy to begin firefighting training.

8. Plaintiffs are one hundred and seventeen (117) firefighters (hereinafter, "the 117"). One Hundred and Five (117) plaintiffs who were hired pursuant to this Court's Order in this case and twelve (12) additional plaintiffs who were hired pursuant to the Court's Order in *Godfrey v. City of Chicago*, 12-cv-08601, dated May 28, 2015. All Plaintiffs are now seeking relief in this case as members of the Lewis Class as indicated below: (hereinafter, the *Lewis* Class"). *See* Exhibit 1

a. One hundred and five (117) *Lewis* Class members started the Fire Academy in March/April 2012.

b. Twelve (12) female *Lewis* Class members started the Fire Academy on November 16, 2015

c. The City has and continues to acknowledge the 117 plaintiffs as members of the *Lewis* Class (with the same NCS date of June 1, 1999) through the contractually mandated and semi-annual dissemination of seniority list since September 12, 2016 (Personnel Memo No. M-07-2016).

d. Furthermore, the City stipulated during litigation in the related *Godfrey v City of Chicago* (12- cv- 08601) , that all of the African American female plaintiffs in *Godfrey* are female members of the *Lewis* Class.

e. All *Lewis* Class members have a constructive seniority date of June 1, 1999.


9. Plaintiffs from the *Lewis* Class are now seeking monetary relief for lost promotion opportunities.

10. Plaintiffs are requesting relief from the current Injunctive Order of Relief, issued August 17, 2011, and the Judgment Order issued May 28, 2015, with respect to the application of constructive seniority towards the calculation of all promotional exams retroactively and prospectively pursuant to FRCP 60(b)(5) as the current iteration of the injunctive order is no longer equitable prospectively. See Exhibit 2

11. Plaintiffs show this Court that said relief has proved to be an onerous remedy which acts to promulgate the discrimination and disparate impact in the realm of promotions of which the City was found liable in the memorandum of opinion and order issued on March 22, 2005. *See* Exhibit 3.

12. During the pendency of this litigation, there were two Fire Engineer examinations given in 2001, and in 2008, respectively, as well as one Lieutenant's examination given in 2009, all after the June 1, 1999 designated by this Honorable Court, thus members of the *Lewis Class* were denied these promotional opportunities, where plaintiffs would have been eligible for promotion to Fire Engineer and Fire Lieutenant, and to subsequent officer promotions to Fire Captain, Fire Battalion Chief.

13. Accordingly, the *Lewis Class* should at minimum be awarded pension at rank of Fire Engineer, whether they are retired or on disability, and those that are currently active employees with the CFD, should have their current pay rate adjusted at minimum to the rank of Fire Engineer.

14. Plaintiffs also show this Court, that the Written E examination and Oral Assessment for the 2023 Fire Captain's Promotional Process occurred in Summer 2023, and the 42 members of the *Lewis Class,* who are currently on the 2019 Fire Lieutenant's Eligibility List, should be allowed to register for and take the 2023 Fire Captain examination, such that upon earning their time-in-grade as Fire Lieutenant, they would be eligible for promotion to Fire Captain at that time.

15. The Plaintiffs were subjected to egregious hiring practices and continue to be subjected to egregious promotional practices.

16. The City of Chicago Fire Department hiring practices have had a continued negative impact on the African American community as evidenced by the very low entry rate of African Americans into every Fire Academy Class after the '117'.

17. The promotional practices employed by the City of Chicago against African American firefighters of all ranks diminish their chances for advancement.

18. Resolution of the claims in this case now requires specification and implementation of remedial relief to be provided to plaintiffs for the City's violation of Title VII.

19. Pursuant to this Honorable Court's Injunctive Order on August 17, 2011, this Court appointed Annette Holt (hereinafter, "Holt"), to serve as Ombudsman with respect to the persons hired due to this lawsuit with the duty to address special needs of those entering the Training Academy because of this action, and to report to the Court on the progress of the group.

20. However, Holt has failed to perform under the terms of this Court's Injunctive Order and instead has had no contact with the 117 members, regarding the issues contained herein.

21. Accordingly, Holt is in violation of this Honorable Court's Injunctive Order and in breach of the agreement between the City and 117.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court Enter an Order:

1. Reinstating the 2016 Fire Engineer Eligibility List

2. Awarding all Plaintiffs who are Fire Engineer candidates on the 2016 Fire Engineer Eligibility List full mark for seniority (ninety-six (96) months or more- 30 points).

3. Awarding all Plaintiffs on the 2016 Fire Engineer Eligibility List to be promoted retroactively pursuant to Personnel Order No. 2018-16 (effective June 16, 2018) with retroactive

5

back pay and commensurate interest. *See* Exhibit 4. Directing that Plaintiffs on the 2016 Fire Engineer Eligibility List be promoted to Fire Engineer with preference in accordance with CFFU Local 2 and the City of Chicago's obligations set forth in Appendix G, and 9.3.b.2.d; or if reinstatement is unavailable, awarding Plaintiffs front pay based on the difference between their current rank and the promotional rank that they are entitled to.

4. Directing that Plaintiffs on the 2022 Fire Engineer Eligibility List be promoted to Fire Engineer with preference in accordance with CFFU Local 2 and the City of Chicago's obligations set forth in Appendix G, and 9.3.b.2.d; or if reinstatement is unavailable, awarding Plaintiffs front pay based on the difference between their current rank and the promotional rank that they are entitled to.

5. Awarding Plaintiffs who are candidates on the 2019 Fire Lieutenant Eligibility List full seniority mark [ninety-six (96) month -30 points] and directing the 2019 Fire Lieutenant Eligibility List be returned to the Department of Human Resources (DHR) and the test vendor for revision to reflect full seniority mark with their cumulative scores adjusted accordingly.

6. Directing that Plaintiffs on the 2019 Fire Lieutenant Eligibility List be promoted to Fire Lieutenant with preference in accordance with CFFU Local 2 and the City of Chicago's obligations set forth in Appendix G, and 9.3.b.2.d; or if reinstatement is unavailable or an individual Plaintiff waives promotion to Fire Lieutenant, or if reinstatement is unavailable, awarding Plaintiffs front pay based on the difference between their current rank and the promotional rank that they are entitled to.

7. Directing that the 42 members of the *Lewis* Class, who are currently candidates on the 2019 Fire Lieutenant Eligibility List be eligible to take the 2023 Fire Captain's examination.

8. Directing that Plaintiffs who choose to take the 2023 Fire Captain's examination be

awarded full mark seniority [one hundred forty-four (144) months or more -30 points].

9. Directing that Plaintiffs who attain the rank of Fire Lieutenant be eligible to register for and take the next scheduled Fire Battalion Chief examination pursuant to CBA section 9.3.A.

10. Directing that Plaintiffs who take the Fire Battalion Chief promotional examinations be awarded full mark for seniority [two hundred four (204) months or more -30 points].

11. Awarding all Plaintiffs compensation for all lost promotional opportunities, beginning with promotional examinations administered after the 9-month probationary period beginning on June 1, 1999, and commensurate with their June 1, 1999, constructive seniority date, for all sworn ranks from Fire Engineer through Fire Battalion Chief to be determined individually for each of the 117 Plaintiffs [in addition to the awards (promotions, backpay, interest, etc.) for Plaintiffs on the 2016 Fire Engineer, 2022 Fire Engineer, and 2019 Fire Lieutenant Eligibility List], and directing that no Plaintiff shall be awarded a promotion at a sworn rank lower than the rank of Fire Engineer.

12. Directing that the Defendant [the Department of Human Resources (DHR) and its contracted promotional testing vendors] be prohibited from using linear transformation, linear regressions, or any other purported standardization methods to transform promotional exam component raw scores to derive all future rank-order promotional list.

13. Directing the Defendant to return the 2016 Fire Engineer Eligibility List and its attendant technical report and the 2019 Fire Lieutenant Eligibility List and its attendant technical report to the Department of Human Resources (DHR) and the respective vendors to be recalculated without the above standardization and/or raw-score transformation methods and re-issued using strictly pro-rata transformation of exam component raw scores as implemented on the 2022 Fire Engineer Eligibility List and technical report.

14. Establishing a consent decree to monitor the hiring and promotional practices of the City

of Chicago Fire Department to correct the deficiencies in its processes and provide transparency to the heretofore disenfranchised African American community of Chicago.

15. Directing the Defendant to maintain and enforce Sections 13.4; Appendix G; and the Letter of Agreement (LOA)-p.136 of the Collective Bargaining Agreement (CBA). These CBA sections are the Affirmative Action obligations of CFFU Local 2 and the Defendant.

16. Removing the previous Ombudsman, Annette Holt, and appointing a new ombudsman to address special concerns of the 117 and fulfill the terms of this Order.

17. Award back pay together with prejudgment interest.

18. Award such other and further relief as may be appropriate including compensatory damages, and attorney fees.

Date: November 20, 2023

Respectfully submitted,

/s/ Chiquita Hall-Jackson
Chiquita Hall-Jackson
Hall-Jackson and Associates, P.C.
180 West Washington Street, Suite 820
Chicago, Illinois 60602
chj@hall-jacksonandassociates.com
312-255-7117

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, have filed the PLAINTIFF'S MOTION TO ENFORCE AND FOR RULE TO SHOW CAUSE electronically via the Court's electronic CM/ECF system on November 20, 2023, which served notice to all Parties of record.

*s/ Chiquita Hall-Jackson*
Chiquita Hall-Jackson
Counsel for Darrell Payne and the 117 Class Members