**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARTHUR L. LEWIS, JR., *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, *et al.*, <br><br> Defendants. | Case No: 1:98-cv-5596 <br><br> Hon. Joan B. Gottschall |

**DEFENDANT CITY OF CHICAGO'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO ENFORCE AND RULE TO SHOW CAUSE**

Defendant the City of Chicago ("City"), by and through its undersigned attorneys of Taft Stettinius & Hollister LLP, and in opposition to Plaintiffs' Motion to Enforce and Rule to Show Cause [Dkt. 763] and Memorandum in Support thereof [Dkt. 764] (collectively, the "Motion" or "Plaintiffs' Motion"), states as follows:

**INTRODUCTION**

More than 12 years after this Court entered its Injunctive Order of Relief, [Dkt. 470] ("Injunction"), in this matter, Plaintiffs[1] belatedly and improperly seek relief that would apparently require this Court to amend the Injunction and significantly alter its effect. Plaintiffs' Motion is misguided and should be denied for multiple reasons.

---

[1] Plaintiffs' Motion is confusing and contradictory as to the individuals on whose behalf it seeks relief. At the outset, the Motion indicates that the movants are "Darrell Payne, Yolanda Webb, Michael Taquee, Chris Sigantor, Burke Smith, Benjamin Whitt, and other members of a class of similarly situated employees of the Chicago Fire Department . . . a complete list of which is attached hereto as Exhibit 1." (Dkt. 763 at 1.) Exhibit 1 to Plaintiffs' Motion is a list of 86 names. (Dkt. 766-1.) Plaintiffs' Memorandum in Support, however, states that movants include "members of a class of 117 firefighters that were original members of this case." (Dkt. 764 at 1.) In this Response, the movants are referred to as "Plaintiffs." For the reasons set forth in greater detail below, the Motion should be denied regardless of whether it is brought on behalf of the 86 individuals identified in Exhibit 1 or on behalf of the "117 firefighters that were original members of this case."

As an initial matter, Plaintiffs' Motion should be denied because it seeks to rehash arguments that this Court previously considered and rejected when fashioning the relief it deemed appropriate based on the claims at issue in this case. Plaintiffs contend that they should be entitled to seniority credit for purposes of the Chicago Fire Department's ("CFD") promotional exams based on a constructive seniority date of June 1, 1999. But, that very argument was already rejected because this Court correctly recognized the public safety concerns that could arise by circumventing the collective bargaining agreement's on-the-job experience requirements for determining promotional eligibility. As a result, the Injunction plainly states that the *Lewis* Class is entitled to constructive seniority dating back to June 1, 1999 for all purposes ***except*** determining seniority credits for promotional exams. The Court entered that Injunction after extensive briefing and proposals from the parties, which included many of the very arguments Plaintiffs make now. The terms of the Injunction and the Collective Bargaining Agreement ("CBA") establish that Plaintiffs were not wrongfully denied seniority credits, and the Motion should be denied, accordingly.

Plaintiffs' Motion is improper for the additional reason that it seeks relief based on alleged harms that are distinct from those adjudicated in this case. The class of plaintiffs that filed the complaint and won judgment in this case (the "*Lewis* Class") complained of discrimination relating to CFD's the administration of the CFD entrance exam. Plaintiffs, on the other hand, now allege discrimination in the administration of the CFD promotional exams and the procedures by which the exams are scored. Plaintiffs have not exhausted their administrative remedies for such a claim, and any resulting harm they allege has not been proven and is beyond the scope of the Injunction. For those reasons, and all the reasons that follow, the City respectfully requests that the Court deny Plaintiffs' Motion.

## BACKGROUND

**I.     The Injunction and the Collective Bargaining Agreement**

On March 22, 2005, after an eight-day bench trial, this Court entered judgment in favor of the *Lewis* Class on its claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Dkt. 274.) Specifically, the *Lewis* Class alleged, and the Court found, that "the City's decision to select only those firefighter applicants who scored at least 89 points on the 1995 [CFD entrance exam] had an unjustified adverse impact on African-American applicants." (*Id.* At 1.)

After the entry of judgment in favor of the *Lewis* Class, the parties, as well as the Chicago Fire Fighters Union Local Number 2 ("Union"), engaged in extensive briefing on the subjects and substance of the appropriate remedies. (*See* Dkt. 333, 358, 359, 361, 375, 382, 383.) On March 20, 2007, the Court issued a memorandum opinion, which "resolve[d] most, if not all, of the remaining disputes concerning the subject of remedies." (Dkt. 391 at 1.) On the subject of promotions, the Court denied the *Lewis* Class's request to reduce the "time-in-grade" (*i.e.*, experience) requirements for promotional eligibility under the Collective Bargaining Agreement between the Union and the City ("CBA"). (*Id.* at 4-6.) The Court noted that the time-in-grade requirements have "the effect of delaying promotions until individuals have more experience and are better qualified," and that the *Lewis* Class's request to change those requirements "suggest the possibility of real disruption to CFD's public safety mission." (*Id.* at 5, n.2.)

On August 17, 2011, the Court entered the Injunction, which established the terms of the relief granted as a result of the Court's finding of liability against the City. (Dkt. 470.) The Injunction required, *inter alia*, that the City hire 111 eligible members of the *Lewis* Class as CFD

3

candidate firefighters. (*Id.* at 2-4.) As relevant here, subsection B of the Injunction titled "Retroactive Seniority" provided that:

> Any class member hired pursuant to the terms of this Order shall be entitled, after completion of the contractual nine-month probationary period of employment, to retroactive seniority credit dating back to June 1, 1999 for all purposes for which seniority is considered *except*
>
>> (a) sections 9.3(B)(1) and (2) of the Collective Bargaining Agreement and
>>
>> (b) the seven or more years of service required of a fireman to be eligible for an occupational disease disability benefit pursuant to 40 ILCS 5/6-151.1 of the Illinois Pension Code ("Code").
>
> For purposes of section 9.3(B)(1) and (2) and the seven-year service requirement in 40 ILCS 5/6-151.1, a class member's seniority date shall be *the actual date each such class member enters the Chicago Fire Department Training Academy* to begin firefighter training.

(*Id.* at 4-5 (emphasis added).)

Section 9.3(B) of the CBA addresses "Promotional Eligibility Lists," and subsections (1) and (2) set forth the eligibility criteria for CFD employees to take promotional exams, the scoring of promotional exams, and the manner by which promotional vacancies are to be filled. *See* CBA, a copy of which was filed by Plaintiffs as Exhibit 5 to their Motion (Dkt. 766-5), at 50-54.

Pursuant to the terms of the CBA, an eligible employee's seniority criteria comprises "no less than thirty percent (30%) of the final score of the administered examination." (Dkt. 766-5 at 51.) An eligible employee is entitled to "full mark for seniority" on his or her promotional exam for promotion to the rank of Engineer or Lieutenant after 96 months of employment; for promotion to the rank of Captain after 144 months of employment; and for promotion to Battalion Chief after 204 months of employment. (*Id.*) The CBA further provides that "[l]esser amounts of seniority shall receive a pro rata" mark for seniority. (*Id.*)

4

The Injunction also appointed Annette Nance-Holt (the current CFD Fire Commissioner), to act as an ombudsman for the *Lewis* Class members that were hired as a result of the Injunction "during the Academy training." (Dkt. 470 at 11.) Commissioner Nance-Holt was charged with "responsibility for addressing the special needs and problems of people entering the Academy as a result of this lawsuit and for reporting to the court, if necessary, on the progress of the shortfall group." (*Id.*)

## II.     Plaintiffs' Motion

In their Motion, Plaintiffs state that they are 105 *Lewis* Class members who entered the CFD Training Academy "in March/April 2012," and 12 *Lewis* Class members who entered the CFD Training Academy "on November 16, 2015." (Dkt. 763 at 3.) Plaintiffs allege they were "continue to be subjected to egregious promotional practices." (*Id.* at 5.) More specifically, Plaintiffs argue that they "were denied the opportunity to be promoted to Fire Engineer and Fire Lieutenant, as well as other officer ranks within the CFD." (Dkt. 764 at 11.)

Plaintiffs identify two promotional exams for which they allege they were not given the appropriate seniority marks: "the Fire Engineer Examination announced on September 16, 2016," and "the Fire Lieutenant promotional exam announced on September 20, 2019." (*Id.* at 15-16.) Plaintiffs contend that the Injunction "provided for constructive seniority to a level that denied Plaintiffs up to 86 months of constructive seniority for promotional examinations." (*Id.* at 17.) Plaintiffs request that this Court "order that Plaintiffs are provided with full retroactive constructive seniority including seniority points for promotional exams." (*Id.*)

Plaintiffs also contend that Commissioner Nance-Holt "has failed to honor her obligations" as Ombudsman because Plaintiffs "have not received any assistance from" Commissioner Nance-Holt "nor has she addressed any special needs or problems for those that entered the Academy due

5

to this litigation." (*Id.* at 18.) Plaintiffs claim that Commissioner Nance-Holt "is responsible to Plaintiffs for breach of contract, and should be replaced by a different ombudsman." (*Id.*)

## ARGUMENT

I. **Plaintiffs' Motion should be denied because this Court previously determined that Plaintiffs' requested alterations to the collectively bargained promotional process is not an appropriate remedy for the claims at issue in this case.**

Plaintiffs request that this Court grant them seniority credits for promotional purposes based on their constructive hire date, rather than their actual hire date, as required by the Injunction. In making that request, however, Plaintiffs ignore the fact that the Court has already considered and rejected that very request from the *Lewis* Class.

Prior to entry of the Injunction, the *Lewis* Class argued, just as Plaintiffs do here, that changes to the CFD promotional process, as set forth in the CBA, were necessary to make the members of the *Lewis* Class whole. (*See, e.g.*, Dkt. 375 at 6-9; Dkt. 382 at 14-15.) This Court expressly rejected that argument and found that the proposed changes to the experience requirements could give rise to "the real possibility of a disruption to CFD's public safety mission." (Dkt. 391 at 5, n.2.) The Court explained that "[i]n order to ignore a requirement which must necessarily have the effect . . . of promoting more experienced rather than less experienced individuals to higher ranks, the court would have to be satisfied that the time-in-grade requirement serves no important safety interest. It is not so satisfied." (*Id.* at 5.) Plaintiffs do not address those findings nor do they provide any basis for the Court to make different findings now.

The purpose and effect of the time-in-grade requirements remain the same. CFD's public safety goals are best served by promoting the most experienced and qualified firefighters to leadership positions. Plaintiffs fail to acknowledge the potential consequences of the relief they seek, and their Motion is devoid of any analysis or evidence regarding the impact that a change in

the experience requirements would have on CFD's operations. The Court's previous denial of this relief was due, in part, to a similar lack of support provided by the *Lewis* Class. (*See id*. at 5, n.2 (noting that *Lewis* Class "failed to offer evidence from which the court can determine the effect on the CFD of ordering promotional exams on any given schedule or giving the plaintiffs promotions with less time in grade than other firefighters").)

In essence, Plaintiffs now seek to vacate the Court's final judgment (*i.e.*, the Injunction), but they do so without satisfying (or even so much as mentioning) the standard and procedural requirements for such relief under Federal Rule of Civil Procedure 60(b). Vacating a final judgment under Rule 60(b) is an "extraordinary" form of relief that "may only be granted upon a showing of exceptional circumstances." *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 335 (7th Cir. 1984). Here, Plaintiffs do not make any showing of exceptional circumstances, nor do they allege the discovery of any new evidence or changes in the facts that led the Court to enter the Injunction. Moreover, any motion for relief from a final judgment under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Plaintiffs clearly fail to satisfy that requirement, as they waited more than 12 years after the entry of the Injunction to file this Motion. Thus, while the relief Plaintiffs seek would require this Court to vacate the Injunction, Plaintiffs have failed to satisfy the requirements for such extraordinary relief under Rule 60(b).

This Court previously held that "[r]equiring promotions when the City's operational needs do not require promotions seems on balance to be more disruptive to the CFD than compensatory to the plaintiffs." (*Id.* at 5.) That assessment is still true, and Plaintiffs have not provided any basis for the Court to reach a contrary conclusion. Therefore, the City respectfully requests that the Court deny Plaintiffs' Motion.

7

**II.     Under the clear terms of the Injunction and the CBA, Plaintiffs received the appropriate seniority credits in 2016, 2019, and 2022.**

As explained above, the Court entered the Injunction after considering the *Lewis* Class's request to alter the CBA's time-in-grade requirements. The express terms of the Injunction, and the corresponding terms of the CBA, establish that Plaintiffs were not wrongfully denied full credit for seniority purposes as they claim.

Plaintiffs assert that they entered the CFD training academy in either "March/April 2012" or November of 2016.[2] (Dkt. 763 at 3.) Under the terms of the CBA, an eligible employee is entitled to full credit for seniority for purposes of a promotion to Engineer or Lieutenant only after 96 months of employment. (Dkt. 766-5 at 51.) And, the Injunction makes clear that, for purposes of calculating seniority credits for promotional exams, "a class member's seniority date shall be the *actual date each such class member enters*" the CFD Training Academy. (Dkt. 470 at 5 (emphasis added).) Thus, any Plaintiffs that entered the Academy in March of 2012 would have been entitled to full seniority credits for any Engineer or Lieutenant exam no earlier than March of 2020, and any Plaintiffs that entered the Academy in November of 2016 will not be entitled to full seniority credits until November of 2024. Further, the CBA provides that seniority credits are "determined as of the date of the examination announcement." Therefore, Plaintiffs were only entitled to a full credit for 96 months of seniority for any Engineer or Lieutenant exam that was announced *after* March 1, 2020.

There has only been one such exam. *See* Declaration of Brian Helmold, a copy of which is attached hereto as <u>Exhibit 1</u>. On March 18, 2022, CFD posted an opening for an Engineer position and announced that the written exam portion of the testing process would be administered on June

---

[2] Plaintiffs do not allege exactly when they entered the Training Academy in 2012. For ease of reference, and because it is not material to the disposition of Plaintiffs' Motion, the City uses March of 2012 as Plaintiffs' entrance date for purposes of its analysis herein.

8

15, 2022, with the proficiency exam portion to be scheduled after the written exam. A copy of the March 18, 2022 announcement is attached hereto as Exhibit 2. The Plaintiffs hired in March of 2012 were entitled to, and in fact received, full credits for seniority for purposes of that 2022 Engineer exam, a fact that Plaintiffs concede in their Motion. (*See* Dkt. 764 at 17 ("[T]he only promotional exam in which their efforts at advancement have not been diminished and thwarted was the 2022 Fire Engineer Exam in which they had finally achieved full seniority marks towards their cumulative score.").)

Plaintiffs identify only two promotional exams for which they allege they were improperly denied full seniority credit: "the Fire Engineer Examination announced on September 16, 2016," and "the Fire Lieutenant promotional exam announced on September 20, 2019." (Dkt. 764 at 15-16.) As explained above, however, the plain terms of the Injunction and the CBA establish that none of the Plaintiffs were entitled to full seniority credits for purposes of a potential promotion to Engineer or Lieutenant until March of 2020, at the earliest.

In sum, Plaintiffs have not been improperly or unfairly denied seniority credits for any promotional exams and that they are not entitled to the relief they seek. Under the terms of the Injunction, the earliest time Plaintiffs could have been entitled to full seniority credit for an Engineer or Lieutenant's exam was March of 2022, and, by their own admission, Plaintiffs' seniority was appropriately credited for the exam that was announced on March 18, 2022. Plaintiffs' Motion should be denied, accordingly.

### III. Plaintiffs' Motion should be denied for the additional reason that it seeks relief based on an alleged harm that is entirely distinct from the harm alleged by the *Lewis* Class.

The *Lewis* Class brought a Title VII adverse impact claim against the City alleging that "the City's decision to select only those firefighter applicants who scored at least 89 points on the 1995 [entrance exam] had an unjustified impact on African-Americans." (Dkt. 391 at 1.) It was a

9

judgment in favor of the *Lewis* Class on that specific claim—the discriminatory impact of *the CFD entrance exam*—that led to the entry of the Injunction in this case. (Dkt. 470 at 1.) By contrast, the Plaintiffs who brought the instant Motion complain of disadvantages in the structure and application of CFD's collectively bargained *promotional system*. Thus, it is clear, that Plaintiffs' Motion, despite its title, does not seek to "enforce" the Injunction. Rather, it improperly seeks to raise an entirely new harm that is distinct from the harm redressed by the Injunction.

Put simply, the claims that Plaintiffs purport to allege in their Motion are not properly before this Court and, as such, this Court should not grant the relief Plaintiffs now seek. The entire focus of Plaintiffs' Motion is their distinct claim that they have been unfairly "denied the opportunity to be promoted to Fire Engineer and Fire Lieutenant ranks." (Dkt. 764 at 13; *see also id*. at 8 ("The promotional practices employed by the City of Chicago against African American firefighters of all ranks diminishes their chances for advancement."; *id.* at 11 ("Plaintiffs have requested compensation for the lost promotional opportunities caused by the discriminatory actions of Defendant City.").) They also acknowledge that any relief they seek would be different from and supplemental to the relief granted by the Injunction in this case. (*Id.* at 6 ("Plaintiffs now seek to *continue to the next logical step* of seeking relief of lost promotional opportunities denied to them." (emphasis added).) It would be improper and inappropriate for this Court to grant Plaintiffs' requested relief, or indeed, enter any order relating to CFD's promotional system, when there were no such claims at issue or adjudicated in this case.

CFD's promotional practices *have been* litigated extensively, but in another case altogether. Indeed, CFD's promotional system was subject to a consent decree, which was overseen by another court in this District for more than 40 years. *See United States v. Albrecht*, Case No. 80-cv-1590, Dkt. 79 at 1-2 (N.D. Ill.). The *Albrecht* consent decree was vacated on June

10

16, 2022, with the court there finding that "minority representation in each promotional rank of the [CFD] has increased substantially since entry of the Albrecht Decree, " and that the City "has made good-faith efforts to comply with the Decree." *Id.*, Dkt. 81 (a copy of the *Albrecht* Court's order is attached hereto as Exhibit 3). Many of the assertions in Plaintiffs' Motion run contrary to those findings. It would be improper and inappropriate for the Court to grant relief in this case based on Plaintiffs' unproven allegations, particularly when allegations of discrimination in CFD promotions have been thoroughly examined and adjudicated in another case.

Throughout their Motion, Plaintiffs cite to cases that generally stand for the principle that courts may enter various forms of relief in Title VII cases, including back pay, reinstatement, front pay, and retroactive seniority. *See, e.g.*, *Ambemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975); *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 754-55 (1976). Those cases, however, are inapposite here because they do not suggest that the Court has the authority to grant Plaintiffs relief for an entirely new and distinct Title VII claim that the parties have not litigated and that the Court has not adjudicated. The Court undoubtedly had broad authority to craft a remedy after it entered judgment on the *Lewis* Class's claims regarding CFD's *hiring* practices. But it does not have the same authority to grant the relief Plaintiffs now seek, which is based on allegations relating to CFD's *promotional* practices.

Moreover, even if the Court's authority pursuant to the Injunction were broad enough to grant Plaintiffs relief based on claims of discrimination related to CFD's promotional practices, Plaintiffs have not perfected any such claims because they have not exhausted their administrative remedies. A plaintiff who wishes to file a discrimination claim under Title VII must first exhaust his or her administrative remedies by filing charges with the Equal Employment Opportunity Commission ("EEOC"). *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

11

Plaintiffs' Motion does not contain any allegation, or even a suggestion, that Plaintiffs have filed a charge with the EEOC regarding CFD's promotional practices. And, to the extent that Plaintiffs' allege they were discriminated against in relation to promotional exams that occurred in 2016 and 2019, the time has long since passed for Plaintiffs to file the required charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1) (charge must be filed with EEOC within 300 days of alleged unlawful employment action). Thus, Plaintiffs have not cleared the preliminary hurdles necessary to bring those claims to federal court let alone before this Court in this case.

In sum, Plaintiffs improperly ask this Court to amend the Injunction that was entered more than 12 years ago and grant them extraordinary relief for claims of discrimination that they have not properly pled or proven and for which they have not exhausted their administrative remedies. This Court should reject that improper request and deny Plaintiffs' Motion.

**IV.     Plaintiffs have no claim for relief against Commissioner Nance-Holt.**

Plaintiffs claim, without any factual or legal support, that Commissioner Nance-Holt is "responsible to Plaintiffs for breach of contract, and should be replaced by a different ombudsman." (Dkt. 764 at 18.) As an initial matter, no contractual relationship exists between Plaintiffs and Commissioner Nance-Holt, and Plaintiffs do not allege otherwise. Accordingly, Plaintiffs cannot have a claim for "breach of contract" against Commissioner Nance-Holt and are not entitled to relief based on any such claim. *See, e.g.*, *Reger Devel., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (existence of a valid agreement is an essential element of claim for breach of contract).

Moreover, as a practical matter, Commissioner Nance-Holt cannot be "replaced" as ombudsman because she no longer serves in that role. The Injunction contemplated that Commissioner Nance-Holt would serve as ombudsman to assist the *Lewis* Class hires through the

Training Academy. (*See* Dkt. 470 at 11 (appointing Commissioner Nance-Holt "to act as an ombudsman for [the *Lewis* Class] *during their Academy training*") (emphasis added).) Thus, once they completed the Academy, the ombudsman was no longer necessary, and Commissioner Nance-Holt did not continue in any such capacity. For all these reasons, the Court should deny the relief Plaintiffs seek based on their purported claim for "breach of contract" against Commissioner Nance-Holt.

## CONCLUSION

WHEREFORE, and for all the reasons set forth above, Defendant the City of Chicago respectfully requests that this Court deny Plaintiffs' Motion to Enforce and Rule to Show Cause [Dkt. 763, 764] in its entirety, and grant such further and any other relief the Court deems appropriate.

Dated: January 31, 2024

Respectfully Submitted,

CITY OF CHICAGO

By: */s/ Paul J. Coogan*
Special Assistant Corporation Counsel

Allan T. Slagel
aslagel@taftlaw.com
Paul J. Coogan
pcoogan@taftlaw.com
Special Assistants Corporation Counsel
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, #2600
Chicago, Illinois 60601
Telephone: 312.527.4000

*Counsel for Defendant City of Chicago*

13