UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARTHUR L. LEWIS, JR., *et al.*,

    Plaintiff,

v.

CITY OF CHICAGO, *et al.*,

    Defendants.

Case No: 1:98-cv-5596

Hon. Joan B. Gottschall

**DEFENDANT CITY OF CHICAGO'S SUR-REPLY IN OPPOSITION TO
PLAINTIFFS' MOTION TO ENFORCE AND RULE TO SHOW CAUSE**

    Plaintiffs' Motion to Enforce and Rule to Show Cause [Dkt. 763] ("Motion" or "Plaintiffs' Motion") is improper and should be denied because Plaintiffs fail to cite any legitimate reason for this Court to amend its Injunctive Order of Relief [Dkt. 470] ("Injunction"), and reconsider arguments that it rejected more than 12 years ago. In their effort to alter the Injunction and its intended effect, Plaintiffs now argue that there is "confusion on the issue of time in grade versus seniority credits for promotional testing," and use that alleged "confusion" as a basis to seek, for the first time in their Reply brief, "limited discovery" on that issue. (Dkt. 787 at 10.) But there is no confusion.

    The Injunction, the Collective Bargaining Agreement ("CBA"), and the City's Response brief [Dkt. 776], all make abundantly clear that Plaintiffs were not wrongfully denied seniority credits, and that Plaintiffs are entitled to the constructive seniority date of June 1, 1999 for all purposes *except* determining seniority credits for promotional exams. Therefore, and for all the reasons set forth below and in the City's Response brief, the Court should deny Plaintiffs' request for "limited discovery" and deny Plaintiffs' Motion in its entirety.

**ARGUMENT**

I.  **Discovery is neither appropriate nor necessary because, under the CBA and the Injunction, Plaintiffs received the appropriate seniority credits in 2016, 2019, and 2022.**

In their Reply, Plaintiffs request "limited discovery to help establish the difference between [time-in-grade requirements and seniority credits for promotional exams]" to assist the Court with the "construction, implementation, and enforcement of Plaintiffs' relief sought." (Dkt. 787 at 11.) As an initial matter, Plaintiffs' request for discovery is improper and untimely as it was improperly raised for the first time in their Reply brief. *See Tamid Congregation of N. Town v. Krivoruchko*, No. 08 C 1261, 2009 WL 152857, at *2 n.3 ("Reply briefs are for replying, not for raising new matters or arguments that could have been—and ought to have been—advanced in the opening brief."); *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 N.D. Ill. 2006; *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019).

Plaintiffs' request for discovery is also entirely unnecessary, as there is no "confusion" regarding the effect of the Injunction on the CBA's seniority and promotional requirements and criteria. As explained in the City's Response, Section 9.3(B) of the CBA specifically sets forth the eligibility criteria for CFD employees to take promotional exams, the scoring of promotional exams, and the manner by which promotional vacancies are to be filled. (Dkt. 766-5 at 50-54.) An eligible employee's seniority criteria comprises "no less than thirty percent (30%) of the final score of the administered examination," [Dkt. 766-5 at 51], and an eligible employee is entitled to "full mark for seniority" on his or her promotional exam for promotion to: Engineer or Lieutenant after 96 months of employment; Captain after 144 months of employment; and Battalion Chief after 204 months of employment. (Dkt. 766-5 at 51.) The CBA further provides that "[l]esser amounts of seniority shall receive a pro rata" mark for seniority. (*Id.*)

The Injunction also explicitly provides that, to calculate seniority credits for promotional exams, "a class member's seniority date shall be the *actual date each such class member enters*" the CFD Training Academy. (Dkt. 470 at 5 (emphasis added).) And, the CBA provides that seniority credits are "determined as of the date of the examination announcement." (Dkt. 766-5 at 51.) Therefore, because Plaintiffs allege that they entered the Academy no earlier than March 2012, they could only have been entitled to a full credit for 96 months of seniority for any Engineer or Lieutenant exam that was announced *after* March 1, 2020. (*See* Dkt. 776 at 8-9.) Similarly, any Plaintiffs that entered the Academy in November of 2016 could only be entitled to full seniority credits starting in November of 2024.

Plaintiffs do not identify any promotional exam where they were denied full seniority credit. (*See, generally* Dkt. 787.) That is because no such exam exists. There was an Engineer's exam announced on March 18, 2022 [Dkt. 776-1], but Plaintiffs admit the individuals hired in March of 2012 received full credits for seniority for that exam. (Dkt. 764 at 17.) There was also a "Fire Engineer Examination announced on September 16, 2016" and a "Fire Lieutenant promotional exam announced on September 20, 2019 [Dkt. 764 at 15-16], but, as explained in the City' Response, Plaintiffs were not entitled to full seniority credits for the purposes of a potential promotion. Thus, Plaintiffs were not wrongfully denied full credit for seniority purposes.

The terms of the Injunction and the CBA are clear. There is not, as Plaintiffs now suggest, any "confusion" as to the operation of the CBA seniority and time-in-grade requirements. Nor is there any "confusion" as to whether the Injunction's constructive seniority date applies to the determination of seniority credits for purposes of promotional exams—it does not. Accordingly, Plaintiffs' Motion should be denied without the need for any "limited discovery."

## II. The Court's retention of jurisdiction does not mean that Plaintiffs are entitled to the wholesale amendment of the Court's final judgment.

Plaintiffs argue for the first time in their Reply that they are entitled to an amendment of the Injunction—to use the constructive hire date for purposes of promotional eligibility—simply by virtue of the fact that the Court retained jurisdiction in this case "for purposes of construction, implementation, and enforcement" of the Injunction. (Dkt. 787 at 5-7.) Plaintiffs are mistaken. Plaintiffs' Motion to Enforce does not seek the "implementation" or "enforcement" of the Injunction as it is written. Instead, Plaintiffs improperly seek to vacate and amend the Injunction in order to apply it to a provision of the CBA which it expressly exempts.

Indeed, throughout their Reply, Plaintiffs expressly acknowledge that the relief they seek includes, and in fact would require, the amendment of the Injunction, which was the Court's final order in this case. (*See*, *e.g.*, Dkt. 787 at 7 ("Plaintiffs ask this Court to construct, implement, and enforce the proper seniority date of June 1, 1999, to include for promotional exams too."); *id.* at 9 ("Plaintiffs contend that the Injunctive Order of Relief needs to be amended.")). As noted in the City's Response [Dkt. 776 at 6], the *Lewis* Class previously argued for the application of the constructive seniority date for all purposes, including promotional exams. (*See, e.g.,* Dkt. 375 at 6-9; Dkt. 382 at 14-15.) This Court rejected that argument and made clear that application of a constructive hire date for promotional eligibility would be disruptive to CFD's public safety mission. (Dkt. 391 at 5, n.2.)

Despite their admission that "the Injunctive Order of Relief needs to be amended," [Dkt. 787 at 10], Plaintiffs fail to address, much less satisfy, the requirements for vacating a final judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiffs have failed to cite any "exceptional circumstances" that would warrant such an "extraordinary" form of relief, and their

4

Motion should be denied accordingly. *See McKnight v. U.S. Steel Corp.*, 726 F.3d 333, 335 (7th Cir. 1984).

**III.   The Court should reject Plaintiffs additional (and new) attempts to relitigate issues that the Court previously decided when entering the Injunction.**

As explained in the City's Response brief [Dkt. 776], Plaintiffs are attempting to relitigate issues and arguments that this Court already evaluated and decided when it entered the Injunction. Plaintiffs continue that effort in their Reply brief when they argue that the Court did not grant monetary relief for lost promotional opportunities because "the concern around future promotions [was] unripe for redress by the Court." (Dkt. 787 at 5.) To the contrary, the parties directly addressed the issue of promotions in their briefing, and the Court expressly considered those arguments when it held that "[r]equiring promotions when the City's operational needs do not require promotions seems on balance to be more disruptive to the CFD than compensatory to the plaintiffs." (Dkt. 391 at 5; *see also id.* at 5, n.2 (finding that changes to experience requirements for promotions could give rise to "the real possibility of a disruption to CFD's public safety mission").)

Similarly, Plaintiffs raise, for the first time in their Reply brief, the argument that Appendix G to the Collective Bargaining Agreement "allows for this Honorable Court to construct, implement, and enforce an Order" that grants the extraordinary relief they now seek. (*See* Dkt. 787 at 11-14.) However, Plaintiffs ignore the fact that Appendix G to the CBA was in effect and undoubtedly considered when this Court entered the Injunction and specifically carved out the promotional process from its remedial effect. Plaintiffs' argument regarding Appendix G does little more than highlight the true nature of the relief Plaintiffs now seek, which would require the Court to vacate its Injunction and reconsider arguments that it previously considered when fashioning an appropriate remedy in this case. Such a request is improper, particularly because

Plaintiffs have not identified any new facts or circumstances that were not present (and litigated) when the Court entered the Injunction.

## CONCLUSION

WHEREFORE, and for all the reasons set forth above and in the City's Response brief [Dkt. 776], the City of Chicago respectfully requests that this Court deny Plaintiffs' Motion to Enforce and Rule to Show Cause [Dkt. 763, 764], in its entirety, and grant any other relief the Court deems appropriate.

Dated: May 8, 2024                    Respectfully Submitted,

                                      CITY OF CHICAGO


                                      By: */s/ Paul J. Coogan*
                                          Special Assistant Corporation Counsel

Allan T. Slagel
aslagel@taftlaw.com
Paul J. Coogan
pcoogan@taftlaw.com
Special Assistants Corporation Counsel
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, #2600
Chicago, Illinois 60601
Telephone: 312.527.4000

*Counsel for Defendant City of Chicago*