**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTHUR L. LEWIS, JR., et al., | * | |
|     Plaintiffs, | * | Case No. 1:98-cv-5596 |
| | * | |
| v. | * | Judge: Hon. Joan B. Gottschall |
| | * | |
| CITY OF CHICAGO, | * | |
|     Defendant. | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>MOTION TO SUBSTITUTE CLASS COUNSEL</u>**

NOW COMES, Darrell Payne, on his behalf and, with other members of the Shortfall Group of the Lewis Class of Plaintiffs in the above-captioned matter, and file this Motion to Substitute Class Counsel. In support of this motion, Movants attest as follows:

**I.    INTRODUCTION AND PROCEDURAL BACKGROUND**

This Court's September 30, 2024, Memorandum and Order denied without prejudice the motion to enforce judgment filed in November 2023, specifically directing that "any attorney wishing to be appointed or substituted as class counsel must file an appropriate motion under Rule 23(g)." The Court noted that "prior class counsel did not sign the pending motion to enforce or the reply brief, and nothing in the record suggests that class counsel approved the instant motion or participated in preparing it." Because the Court has retained jurisdiction over this case "for purposes of construction, implementation and enforcement of the terms of [the injunctive] Order," the present motion seeks to properly address the procedural deficiency identified by the Court.

The movants are members of the "shortfall group" – the 117 members of the Lewis class who were hired by the Chicago Fire Department pursuant to the injunctive order

entered in this case on August 17, 2011. These class members seek redress for alleged unforeseen consequences of the injunctive order's seniority provisions that have systematically disadvantaged them in promotion opportunities since their hiring in 2012.

## II. ORIGINAL CLASS COUNSEL HAS DECLINED TO PURSUE RELIEF FOR THE SHORTFALL GROUP

Prior to filing the initial motion to enforce in November 2023, members of the shortfall group attempted to engage original class counsel to address their concerns regarding promotion opportunities. These efforts are well-documented and demonstrate original class counsel's unwillingness to represent the shortfall group on these specific issues:

- On February 28, 2019, shortfall group member Rodney Shelton contacted Attorneys Josh Karsh and Matthew Piers of Hughes, Socol, Piers, Resnick, and Dym via email regarding the application of retroactive seniority to promotional opportunities. *See Exhibit A.*

- On March 4, 2019, Attorney Matthew Piers responded: "We are not in a position to provide you with assistance in this matter, and if you wish to pursue it, you should retain other counsel." *Id.*

- Multiple shortfall group members, including Rodney Shelton, Patrick McCollum, Angela Horton, Tamala Watkins, Melissa Jo Chval, and Darrell Payne, have submitted declarations confirming their awareness of prior counsel's refusal to assist with these promotion-related issues. *See Exhibit A-F.*

More recently, on February 11, 2025, Attorney Chiquita Hall-Jackson reached out to Attorney Matthew Piers to discuss potential substitution of counsel or collaboration regarding the shortfall group's promotion-related concerns. Attorney Piers, after consulting with co-lead class counsel Joshua Karsh, declined the request, stating:

2

"Absent direction from the court, we do not wish to comment further on your intended proceedings." *See Exhibit G*.

- Additionally, on July 6, 2022, another attorney declined to represent Patrick McCollum regarding similar concerns, noting the need to seek other legal representation immediately due to time constraints.

These communications clearly establish that original class counsel has effectively abandoned representation of the shortfall group on these specific issues, creating a situation where these class members' interests are not being adequately protected.

This situation presents a scenario contemplated by Rule 23(g), where the Court may need to appoint new counsel to protect the interests of class members when original counsel is unwilling or unable to do so. The Seventh Circuit has recognized that class counsel's responsibilities continue after judgment when ongoing implementation of remedies is at issue but has also acknowledged that intervention or substitution of counsel may be appropriate when the interests of a subset of the class require additional advocacy. See *Lewis v. City of Chicago*, 702 F.3d 958 (7th Cir. 2012).

### III. PROPOSED CLASS COUNSEL SATISFIES THE REQUIREMENTS OF RULE 23(g)

Rule 23(g)(1) requires the Court to consider four primary factors when appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions and complex litigation; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. The proposed class counsel satisfies each of these requirements.

**A. Work Identifying and Investigating Claims**

Undersigned counsels Hall-Jackson and Yeary have worked extensively with members of the shortfall group since 2022 to identify and investigate their claims regarding systematic disadvantages in promotional opportunities. This has included:

1. Gathering and analyzing promotion data showing disparities between the shortfall group and other firefighters;
2. Consulting with experts on the interpretation of promotion examination scores and seniority calculations;
3. Reviewing the Court's prior orders, the injunctive order, and relevant collective bargaining agreements; and
4. Interviewing numerous shortfall group members about their specific experiences.

### B. Incorporation of Statistical and Declaratory Evidence

Preliminary authenticated promotion data from the Chicago Fire Department demonstrates that only 14% of shortfall group members have been promoted to engineer, compared to 83.54% of firefighters who entered the Academy in 1996. Analysis of promotional examinations from 2016, 2019, and other years reveals that shortfall group members scored significantly lower than comparable firefighters primarily due to limitations on seniority points tied to time-in-grade requirements.

Declarations from multiple shortfall group members detail specific instances where the time-in-grade exception directly impacted their promotion opportunities, including:

- Rodney Shelton's declaration (Exhibit A) identifies several unforeseen circumstances, including:
  - Paramedics who became firefighters have been permitted to use their Paramedic seniority date for testing purposes, including those who were in the Academy with the Lewis class members.

- o At the time of announcement for both the Engineer and Lieutenant exams, Lewis class members met the time-in-grade requirements based on their retroactive seniority dates.
  - o In the *Ernst v. City of Chicago,* 837 F.3d 788 (2016) case, plaintiffs were awarded full seniority for everything including promotional exams.
  - o The City and Local 2 failed to present the Affirmative Action policy (Appendix G) of the CBA during the original litigation.
- Patrick McCollum's declaration (Exhibit D) states that for the 2016 Fire Engineer promotion, his seniority points were limited to 16.9 out of 30, reducing his maximum cumulative score to 86.9 out of 100. His rank on the 2016 Fire Engineer Final Eligibility List was 261, but with full seniority points, his rank would have been within the top 30- a reduction of approximately 230 positions.
- Darrell Payne's declaration (Exhibit E) indicates that his seniority points were reduced by 13.1712 points from the maximum 30 points available for the 2016 Engineer exam, negatively affecting his final ranking by more than 250 positions. For the 2019 Lieutenant exam, his seniority points were reduced by 1.895833 points, negatively affecting his ranking by approximately 36 positions.

### C. Addressing Court's Evidentiary Concerns

Counsel acknowledges the Court's concerns regarding evidentiary deficiencies in prior motions and commits to developing a comprehensive evidentiary record through discovery, expert analysis, and statistical modeling. This approach will ensure compliance with Rule 60(b)(5) requirements and provide a robust factual basis for seeking modification of the Injunctive Order.

### D. Experience of Movant Counsels in Class Actions and Complex Litigation

5

**1. Attorney Chiquita Hall-Jackson**

Attorney Chiquita Hall-Jackson is admitted to practice before the U.S. District Court for the Northern District of Illinois. Hall-Jackson's prior litigation experience does not include certification of a class action lawsuit, but she has extensive experience in employment law and Title VII litigation, representing multiple plaintiffs in cases involving the same subject matter. Her experience, skills, and knowledge in these areas demonstrate the capacity to effectively represent the proposed shortfall group in this proceeding.

Hall-Jackson's background in litigating employment discrimination matters, coupled with successful representation of multiple plaintiffs in similar legal disputes, ensures that she can effectively advocate for the rights of the shortfall group. This includes serving as lead counsel in more than 50 employment law matters before the U.S. District Court for the Northern District of Illinois alone since 2014. Notable cases handled by Attorney Hall-Jackson include:

- *Ammons v. Chicago Board of Education*, 16-CV-4884
- *Ron Morris v. BNSF Railway*, 15-CV-2923
- *Jerry Gross v. People's Gas*, 17-CV-3214
- *Peak v. Local One Laborers*, 19-CV-3351
- *Hunter v. La-Co Industries, Inc.,* 15-CV-01710
- *Green v. Aurora East School Board District #131*, et. al., 15-CV-7495

Hall-Jackson's understanding of Title VII and related employment law doctrines equips her to navigate the legal and factual complexities of this case efficiently and effectively. In addition to her legal background that deals with complex employment law discrimination cases, she has sought experienced and skilled co-counsels to assist with

this matter. This includes Attorneys Sheridan T. Yeary, Rodney Diggs, and Kevin Mahoney. Diggs and Mahoney have class certification experience as outlined below.

Ms. Hall-Jackson has never faced any disciplinary action for misconduct or an ethical violation.

**2. Attorney Kevin Mahoney**

Kevin Mahoney is the principal at Mahoney Law Group, APC in Long Beach, California. The firm currently employs five (5) attorneys, and the practice is focused on representing employees in state and federal wage and hour class actions and consumer class actions.

Mr. Mahoney received his Juris Doctorate from Howard University School of Law in 2002. He worked as an associate at Rose, Klein & Marias from 2005 until August of 2009. Since 2007, Mahoney has been involved in class action litigation involving various wage and hour violations. The class size of these cases has ranged between approximately 500 to over 15,000 putative class members with approved settlements in the millions of dollars.

In August 2009, Mahoney co-founded Mahoney, Perry & Burrows (now the Mahoney Law Group). The firm currently serves as lead counsel and/or co-lead counsel in numerous wage and hour class action matters in Los Angeles Superior Court, Orange County Superior Court, Riverside Superior Court, San Bernardino Superior Court, the United States District Court for the Central District of California and the Southern District of California, and the Supreme Court of The State of New York, County of Kings.

Since 2009, the practice has focused on representing employees in state and federal wage and hour class actions. Select cases where Mahoney has served as lead and/or co-lead counsel include:

7

*U.S. District Court Cases:*

- *Romo v Durham School Service, L.P.*, U.S. District Court, Northern District of Illinois, Eastern Division, Case No. 1:17-cv-1929
- *Perez v Directv Group Holdings, LLC*, U.S. Districty Court Central Division of California, Case No. 8:16-CV-01440-JLS-DFM
- *Valerie Brooks v. Life Care Centers of America, Inc., et al*., U.S. District Court, Central District of California, Case No. 8:12-cv-00659-CJC-RNB
- *Harvey Holt, et al. v. Parsec, Inc., et al.*, U.S. District Court, Central District of California Case No. CV-9540-VBF (PJWx)
- *Kurt Casadine v. Maxim Healthcare Services, Inc.*, United States District Court, Central District of California Case No. CV 12-10078-DMG (CWx)

*California State Court Cases:*

- *Denise Mays v Children's Hospital of Los Angeles*, Los Angeles Superior Court, Case No. BC477830
- *Branch v PM Realty Group, LP*, Los Angeles Superior Court, Case No. BC575759
- *Curiel v Glendora Grand, Inc.*, Los Angeles Superior Court, Case No. BC618831
- *Flores v Cambrian Homecare*, Los Angeles Superior Court, Case No. BC544612 [case certified]
- *Kimya Oliver, et al. v. College Health Enterprise*, et al., Los Angeles Superior Court Case No. BC406481
- *Rick Wilcox, et al. v. Presbyterian Intercommunity Hospital*, et al., Los Angeles Superior Court Case No. BC424796
- *Raenan Guadez, et al. v. Sega Gameworks, LLC*, San Bernardino Superior Court Case No.CIVRS 1105099

Mr. Mahoney has never faced any disciplinary action or received any sanction for misconduct or an ethical violation.

**3. Attorney Berkeh Alemzadeh**

Berkeh Alemzadeh received her Juris Doctorate from Chapman University Fowler School of Law. She has worked as an associate at Mahoney Law Group, APC since 2018. During her employment at Mahoney law Group, APC, Ms. Alemzadeh has been involved in numerous wage and hour class actions.

*U.S. District Court Cases:*

- *Bermejo v. Laboratory Corporation of America*, dba LabCorp, United States District Court, Central District of California, Case No.: 2:20-cv-05337-DMG-SK

- *Padilla v. Alta Dena Certified Dairy, LLC et al.*, United States District Court, Central District of California, Case No.: 2:19-cv-05020-MWF(RAOx)

- *Riffel v. The Regents of the University of California*, United States District Court, Northern District of California, Case No.: 5:19-cv-07489-EJD

- *Riffel v. University of Southern California*, United States District Court, Northern District of California, Case No.:5:19-cv-08466-EJD

- Robinson/Cockrill v. Independent Pet Partners Holdings, LLC, United States District Court, Central District of California, Case No.: 2:19−cv−10929−AB−SK

*California State Court Cases:*

- *Arciniega v. Protective Industries Inc. et al.*, Los Angeles Superior Court, Case No.: 19STCV08558

9

- *Arteaga Reyes v. Dorel Gaboras dba Today's Construction*, Orange County Superior Court, Case No.: 30-2019-01049881-CU-OE-CXC;

- *Hilario v. Marspring Corp. et al.*; Los Angeles Superior Court, Case No.: 19STCV26229

- *Jimenez v. Tinco Sheet Metal Inc.*, Los Angeles Superior Court, Case No.: 19STCV26229; Lozano v. Q-Flex, Inc., Orange County Superior Court, Case No.: 30-2020-01140853-CU-OE-CXC

- *Montejano v. Gul Food Management, Inc.*, San Francisco Superior Court, Case No.: CGC-19-577248

- *Noble v. Affordable Animal Torrance, Inc. et al.*, Los Angeles Superior Court, Case No.: 19STCV10409

- *Rivera v. Total Airport Services, LLC*, Los Angeles Superior Court, Case No.: 19STCV32847;

- *Rosales v. IDT America, Corp. et al.*, Los Angeles Superior Court, Case No.: 19STCV01581

- *Zapata v. Shelter Clean Services, Inc.* Los Angeles Superior Court, Case No.: 19STCV09738.

Ms. Alemzadeh has never faced any disciplinary action or received any sanction for misconduct or an ethical violation.

**4. Attorney Rodney S. Diggs**

Rodney S. Diggs received his Juris Doctorate from Howard University School of Law in 2010. He worked as an associate at Ivie, McNeill & Wyatt in 2010 until he became a partner in 2016 and then named partner in 2019 when the firm changed its name to Ivie McNeill Wyatt Purcell & Diggs.

Since 2012, he has been involved in class action litigation involving various wage and hour violations. The class size of these cases ranged anywhere between approximately 100 to over 15,000 putative class members with approved settlements in the millions. The firm currently serves as lead counsel and/or co-lead counsel in numerous class action matters in California, a matter pending in Nevada, and one matter pending in New York.

Select examples of cases where Diggs has either served or currently serves as lead and/or co-lead counsel include:

- *Richard McCorkle, et al. v. American Textiles Maintenance, Co.*, Case No. BC495759
- *Harold Taylor, et al. v. Warden Borders, et al.*, Case No. 5:18-cv-02488-TJH AGR
- *Daniel Moyle, et al. v. United Parcel Services, Inc., et al.*, Case No. 20-1427
- *Marvin Cutchins, et al. v. Liberty Media Corporation d/b/a Formula One Heineken Silver Las Vegas Grand Prix, et al.*, Case No. 2:23-cv-02124-GMN-NJK

Mr. Diggs has never faced any disciplinary action or received any sanction for misconduct or an ethical violation.

**4. Attorney Sheridan "Todd" Yeary**

Mr. Yeary is admitted to practice before the U.S. District Court for the Northern District of Illinois. Mr. Yeary earned his Juris Doctor degree from the University of Maryland Carey School of Law in 2019. Mr. Yeary has litigated numerous employment discrimination cases under Title VII of the Civil Rights Act of 1964 in federal district courts and state courts in Maryland and Illinois, including claims involving disparate treatment, disparate impact, wrongful termination, and systemic discrimination. These cases have required detailed factual investigations, analyses of statistical disparities, and advocacy for equitable remedies such as retroactive seniority and promotions. Mr. Yeary is well-versed in the

11

procedural requirements of Title VII litigation, including EEOC administrative processes, discovery management, motion practice, and trial preparation.

Mr. Yeary has substantial experience managing multi-plaintiff actions where several plaintiffs assert separate, but related claims arising from similar conduct by common or affiliated defendants. These cases have involved allegations against insurance companies or corporate entities engaged in systematic practices adversely impacting multiple individuals. Unlike class actions, these multi-plaintiff suits require individualized advocacy while leveraging common facts and evidence to achieve efficient resolution. Select examples of employment related cases where Mr. Yeary has served as either lead/co-lead counsel include:

- *International Painters and Allied Trades Industry Pension Fund et al v. Statesville Painting and Maintenance LLC et al*, 1:23-cv-02436 (U.S. District Court for the District of Maryland)
- *Ross, et. al. v. Erie Insurance Exchange, et. al.* 1:24-cv-02414 (U.S. District Court for the District of Maryland)
- *Tapp-Harper v. Cogen, 1:24-cv-02498* (U.S. District Court for the District of Maryland)
- *Whitaker v. Nohelty, et. al., 1:24-cv-08308* (U.S. District Court for the Northern District of Illinois)

Additionally, Mr. Yeary possesses significant administrative expertise in Title VII matters, which directly supports their ability to fairly and adequately represent the interests of the shortfall group in this litigation. While Mr. Yeary does not have prior experience serving as appointed class counsel or litigating class actions, his extensive background in overseeing investigations and remedies for discrimination claims demonstrates qualifications that align with the requirements of Rule 23(g).

12

Specifically, Mr. Yeary serves by mayoral appointment as the Chair of the Community Relations Commission of Baltimore City, the city's oversight body tasked with investigating and remedying claims of discrimination (previously known as the Equal Employment Opportunity Commission of Baltimore City). Mr. Yeary has served as chair of the commission since 2016. His role involves leadership over administrative investigations into allegations brought by plaintiffs against private and public/municipal defendants, including claims of employment discrimination under Title VII. The Commission's mandate includes addressing systemic issues in employment, housing, health and welfare, and education, providing counsel with substantial expertise in identifying patterns of discrimination and implementing remedial measures.

Mr. Yeary has never faced any disciplinary action or received any sanction for misconduct or an ethical violation.

### E. Knowledge of Applicable Law

Undersigned counsels have significant experience in employment discrimination litigation, particularly cases involving Title VII and remedial consent decrees. Counsels have thoroughly reviewed the extensive history of this case, including the Court's liability findings, remedial orders, and the specific provisions of the injunctive order that are at issue. Additionally, counsels are well-versed in Rule 60(b)(5) jurisprudence regarding the modification of consent decrees, as would be required to properly present the shortfall group's claims.

### F. Resources Committed to Representation

The role of class counsel traditionally requires fulfilling the demanding procedural and administrative requirements of class certification, such as establishing a system for notice, maintaining a website, and managing a broad class. However, in this instance, the

major administrative hurdles associated with class certification have already been completed in the original class litigation. The proposed representation does not involve the entirety of the prior class, but instead a smaller, discrete group-the shortfall plaintiffs who were awarded positions as a result of the initial litigation. Given the limited scope of representation, the intensive obligations typically associated with class action certification do not apply at this stage of litigation.

Undersigned counsels commit to dedicating the necessary time, personnel, and financial resources to vigorously represent the shortfall group. These counsels have successfully handled similar (and dissimilar) complex litigation and have the capability to manage document collection, expert analysis, and all aspects of this litigation. Additionally, undersigned counsel commits substantial resources to this representation:

1. *Financial Resources:* Counsel has allocated a litigation budget to cover anticipated costs including expert witnesses, statistical analysis, document management, and court-related expenses.
2. *Personnel:* A dedicated team of 4 attorneys and support staff will be assigned to this matter, with primary responsibility assigned to attorneys Hall-Jackson and Yeary.
3. *Technology:* Counsel will utilize case management/document review platforms to efficiently manage discovery and evidence.
4. *Expert Resources:* Counsel has already consulted with economists and data experts who are prepared to analyze promotion data and provide expert testimony regarding disparate impact.
5. *Class Communication:* Counsel has established a secure communication protocol to maintain regular contact with all impacted shortfall group members, including email, regular mail, and other appropriate forms of communication.

Movants' proposed substitute counsels argue these resources are more than sufficient to handle the focused and limited scope of this representation.

## IV. SCOPE OF PROPOSED REPRESENTATION

Movants seek appointment of undersigned counsel as class counsel solely for the limited purpose of representing the shortfall group (117 class members) in matters related to promotion opportunities. This limited appointment would not disturb original class counsel's continuing representation of the broader class of over 6,000 African-American applicants on other matters related to the injunctive order. This targeted approach is appropriate because:

1. The shortfall group has unique interests specifically related to promotion opportunities that are not shared by the broader class;
2. Original class counsel has declined to pursue these specific claims, as evidenced by the March 4, 2019, email from Attorney Piers stating, "We are not in a position to provide you with assistance in this matter, and if you wish to pursue it, you should retain other counsel"; and
3. The Court has recognized that Rule 23(g) allows for appointment of new counsel when a subset of class members requires additional advocacy.

## V. PRELIMINARY EVIDENCE OF PROMOTION DISPARITIES

While full evidentiary development will require discovery, movants present the following preliminary evidence demonstrating the disparate impact of the limitation of full seniority points to the date of record in the Court's injunctive Order, and its correlation to

15

the City's contention that the limitation was tied to a purported "safety consideration" tied to time-in-grade:

1. Authenticated promotion data from the Chicago Fire Department shows that only 14% of shortfall group members have been promoted to engineer, compared to 83.54% of firefighters who entered the Academy in 1996.

2. Analysis of the 2016, 2020, and 2023 promotion examinations reveals that shortfall group members scored lower than comparable firefighters primarily due to the seniority component of the scoring system.

3. Declarations from six (6) shortfall group members detailing instances where the time-in-grade exception directly impacted their promotion opportunities

If appointed, proposed class counsel will develop a comprehensive evidentiary record through discovery, expert analysis, and statistical modeling to fully demonstrate how the seniority points and time-in-grade exceptions/limitations have systematically disadvantaged the shortfall group.

### VI. SEVENTH CIRCUIT PRECEDENT SUPPORTS APPOINTMENT OF COUNSEL FOR A SUBSET OF THE CLASS

The Seventh Circuit has recognized scenarios where appointment of new class counsel is appropriate to represent a subset of class members with distinct interests. Several principles from Seventh Circuit jurisprudence support this motion.

First, the Seventh Circuit emphasizes that Rule 23(a)(4)'s adequacy requirement is designed "to uncover conflicts of interest between named parties and the class they seek to represent." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). This adequacy requirement extends to class counsel, who must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

Second, the Seventh Circuit has recognized that when the original class counsel is unwilling to pursue legitimate claims of a subset of class members, those members' interests are not being adequately protected. The appointment of new counsel may be necessary to provide meaningful relief to class members. See *In re Subway Footlong Sandwich Marketing & Sales Practices Litig.*, 869 F.3d 551 (7th Cir. 2017).

Third, while absent class members typically must move to intervene under Rule 24, the Court also has discretion under Rule 23(g) to appoint new class counsel when the circumstances warrant it. This is particularly true in cases involving long-term implementation of remedial orders where original counsel has effectively withdrawn from active representation. See *Zbaraz v. Madigan*, 572 F.3d 370, 376-78 (7th Cir. 2009).

## VII. APPOINTMENT OF NEW CLASS COUNSEL IS APPROPRIATE IN THIS CASE

This case presents unique circumstances that justify appointment of new class counsel for the shortfall group:

a. The shortfall group members are not absent class members seeking to intervene after the case is closed; they are the direct beneficiaries of the injunctive order who were hired pursuant to the Court's remedial decree.

b. The shortfall group's claims involve alleged unforeseen consequences of the injunctive order's implementation that could not have been anticipated when the order was entered in 2011.

c. Original class counsel has explicitly declined to pursue these claims, as evidenced by Attorney Piers' March 4, 2019, email stating, "We are not in a position to provide you with assistance in this matter, and if you wish to pursue it, you should retain other counsel."

17

d. The Court has expressly retained jurisdiction over the case for purposes of enforcement and modification of the injunctive order.

e. The Court's September 30, 2024, order specifically directed that an attorney wishing to represent the shortfall group should file a motion under Rule 23(g).

In *United States v. City of Chicago*, 978 F.2d 325, 333 (7th Cir. 1992), the Seventh Circuit explained that a consent decree modification "is appropriate where an unforeseen obstacle warrants revision of the consent decree, and a proposed modification is necessary in order for the decree to remedy adequately the constitutional or legal violation which it was designed to remedy." The shortfall group seeks precisely this relief – the opportunity to demonstrate that unforeseen obstacles in the implementation of the injunctive order have prevented it from fully remedying the Title VII violations found by this Court.

## VIII. CONCLUSION

For the foregoing reasons, the members of the shortfall group respectfully request that this Court grant their motion and appoint undersigned counsels as class counsel for the limited purpose of seeking enforcement and modification of the Court's injunctive order with respect to promotion opportunities for the shortfall group.

Dated: **May 15, 2025**  Respectfully submitted,

/s/ Chiquita Hall-Jackson
Chiquita Hall-Jackson, #6312976
Hall-Jackson & Associates P.C.
180 W. Washington St., Suite 820
Chicago, IL 60602
(312) 255-7105
chj@hall-jacksonandassociates.com

 /s/ Sheridan T. Yeary
Sheridan T. Yeary, #201218001
The Yeary Firm, LLC

        P.O. Box 682
        Columbia, MD 21045
        (202) 770-7204 (o); (410) 275-3199 (f)
        styeary@yearylegal.com

/s/ Kevin Mahoney
Kevin Mahoney
***Pro Hac Vice to be Filed Upon Motion Being Granted***
Mahoney Law Group, APC
249 E. Ocean Boulevard, Suite 814
Long Beach, California 90802
(562) 590-5550 (o); (562) 590-8400 (f) \
kmahoney@mahoney-law.net


 /s/ Berkeh Alemzadeh
Berkeh Alemzadeh
***Pro Hac Vice to be Filed Upon Motion Being Granted***
Mahoney Law Group, APC
249 E. Ocean Boulevard, Suite 814
Long Beach, California 90802
(562) 590-5550 (o); (562) 590-8400 (f)
balem@mahoney-law.net


/s/ Rodney S. Diggs
Rodney S. Diggs
***Pro Hac Vice to be Filed Upon Motion Being Granted***
Ivie, McNeill, Wyatt, Purcell & Diggs
444 S. Flower Street, Suite 3200
Los Angeles, CA 90071
(213) 489-0028 (o); (213) 489-0552 (f)
rdiggs@imwlaw.com

*Attorneys for Moving Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered CM/ECF users.

/s/ Chiquita Hall-Jackson
Chiquita Hall-Jackson, #6312976
Hall-Jackson & Associates P.C.
180 W. Washington St., Suite 820
Chicago, IL 60602
(312) 255-7105
chj@hall-jacksonandassociates.com