# Exhibit A

# Shelton Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ARTHUR L. LEWIS, JR., et al.,** | * | |
| Plaintiffs, | * | Case No. **1:98-cv-5596** |
| | * | |
| v. | * | Judge: **Hon. Joan B. Gottschall** |
| | * | |
| **CITY OF CHICAGO,** | * | |
| Defendant. | * | |

*************************************************************************

## DECLARATION OF RODNEY SHELTON

I, Rodney Shelton, declare as follows:

1. I am over the age of 18, competent to testify, and a member of the shortfall group hired pursuant to this Court's August 17, 2011, Injunctive Order.

2. I was hired by the Chicago Fire Department on March 23, 2012, as part of the shortfall group identified in the Lewis litigation.

3. I have personal knowledge of the facts stated in this declaration.

4. I participated in the 2016 Fire Engineer promotional examination, announced September 16, 2016, and administered November 14, 2016. The final eligibility list was released in August 2018.

5. I participated in the 2019 Fire Lieutenant promotional examination, announced in September 2019 and administered December 15, 2019.

6. After receiving the adjusted scores from the 2016 Engineer promotional examination in August 2018, I discovered that lack of full seniority points perpetuated the discrimination that kept me from getting the job initially.

7. I personally contacted original class counsel regarding these issues. On February 28, 2019, I emailed Attorneys Josh Karsh and Matthew Piers of Hughes, Socol, Piers, Resnick, and Dym.

8. On March 4, 2019, Attorney Matthew Piers responded: "We are not in a position to provide you with assistance in this matter, and if you wish to pursue it, you should retain other counsel."

9. I have discovered several unforeseen circumstances related to the application of seniority points that have systematically disadvantaged shortfall group members, including:

1

   a. Shortfall group members are not competing with peers who took the 1995 Entrance Exam, but with those who took the 2006 and 2014 Exams.
   b. The City and Local 2 misinterpreted Section 9.3(B) of the Collective Bargaining Agreement during the original litigation.
   c. Paramedics who became firefighters can use their Paramedic seniority date for testing purposes, including those in the Academy with the Lewis class.
   d. At the time of announcement for both the Engineer and Lieutenant exams, Lewis class members met the time-in-grade requirements.
   e. In the Ernst v. City of Chicago case, plaintiffs were awarded full seniority for everything including promotional exams.
   f. The City and Local 2 failed to present the Affirmative Action policy (Appendix G) of the CBA during litigation.

10. I believe appointment of new class counsel is necessary to protect the interests of the shortfall group regarding these promotion-related issues.

11. I request that Attorneys Chiquita Hall-Jackson, S. Todd Yeary, Kevin Mahoney, and Rodney Diggs be appointed as substitute class counsel for the shortfall group pursuant to Federal Rule of Civil Procedure 23(g).

   I declare under penalty of perjury that the foregoing is true and correct.

*Rodney Shelton* (DocuSigned)  5/2/2025

Rodney Shelton  Date
Member of the Lewis Class

2

Docusign Envelope ID: EB2ED626-3D0A-4434-8FE3-AB0FCE1275B4

Shelton - Exhibit




DocuSigned by:
45D87BE53E9148F...

5/2/2025

# Fwd: Retroactive Seniority, Retroactive Pay, & Promotions

**From:** Rodney Shelton <rodneyshelton35@aim.com>
**Date:** October 1, 2024 at 3:13:00 PM CDT
**To:** Chiquita Hall-Jackson <chiquitahall@gmail.com>
**Subject: Fwd: Retroactive Seniority, Retroactive Pay, & Promotions**

Begin forwarded message:

> **From:** "Matthew J. Piers" <MPiers@hsplegal.com>
> **Date:** March 4, 2019 at 11:15:47 AM CST
> **To:** Rodney Shelton <rodneyshelton35@aol.com>
> **Subject: RE: Retroactive Seniority, Retroactive Pay, & Promotions**
>
> Mr. Shelton:
>
> Thank you for your email.
>
> As you likely know, the Lewis litigation is long over, and any effort to get a modification in the awarded relief would very likely be considered untimely.
>
> In addition, the issue of competitive seniority was one that we pursued at the time that the terms of the remedial order were being litigated – and we were unable to get that aspect of relief.
>
> Please keep in mind that in a sense, none of the class members were or could have been "made whole" since there was and is no way to determine who would have been hired to begin with if the test were not used in a discriminatory manner. Indeed, if the City had chosen at random from all those who passed instead of using rank order, the probability that you would have been hired is extremely small. And the large majority of the class members whose rights were equally violated just as yours were by not having a fair chance to be selected did not get jobs did not get hiring relief as you did.
>
> We are not in a position to provide you with assistance in this matter, and if you wish to pursue it, you should retain other counsel.
>
> Best
>
> M