**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Arthur L. Lewis, Jr., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 98-CV-5596 |
| v. ) | |
| ) | Honorable Joan B. Gottschall |
| City of Chicago, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This certified class action employment discrimination suit has been closed for fourteen years. In May 2025, five attorneys (collectively referred to as "Proposed Counsel") filed a motion seeking to be substituted as counsel for the certified class of approximately six thousand people who took the 1995 Chicago firefighter exam. Dkt. No. 793. Current class counsel, Matthew J. Piers and Joshua Kars, and defendant, the City of Chicago, filed separate response memoranda taking no position on the proposed substitution, except that current class counsel argue that "the scope of any representation or motion [should be] limited to the issue of seniority for the individuals hired through remedial process in the *Lewis* case." Resp. of Class Counsel ¶ 5, Dkt. No. 796.

No party disputes that this court has the authority to permit substitution of class counsel after entry of judgment. *See* Fed. R. Civ. P. 23(g). Proposed counsel intend to pursue a motion to modify the consent decree to change how seniority is calculated for 117 class members referred to as the "shortfall group." This court denied, without prejudice, a motion seeking this relief on September 30, 2024. 2024 WL 4346872 (Dkt. No. 792). The court's opinion describes the relevant procedural and factual background. *See id.* at *1–3 & n.1. As the City points out, the parties litigated the seniority issue before the court entered the consent decree. However, proposed counsel represent that if the motion to substitute is granted, they will present evidence

supporting their position that unforeseen circumstances have arisen warranting a modification of the consent decree. Mot. to Substitute 2, 4–6, 17–18.

Nothing in this order should be read as implying anything about whether the consent decree should be modified. The court understands proposed counsel to be representing that a non-frivolous basis exists for moving to modify the consent decree, consistent with the opinion dated September 30, 2024. On that understanding, the motion to substitute, Dkt. No. 793, is well-taken, subject to the resolution of the following procedural matters.

The briefing does not make clear whether proposed and current class counsel agree that the scope of the substitution should be limited to the shortfall group. Nor has any party cited authority authorizing partial substitution of counsel in a class action. Rule 23(g) speaks in terms of appointing "class counsel" for the certified or putative "class" rather than a subset of it. *E.g.*, Fed. R. Civ. P. 23(g)(1) and (4). Subclassing is the prescribed tool where a discrete subset of class members wishes to proceed in a representative capacity. *See generally* Fed. R. Civ. P. 23(b)(5); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997).

For the reasons stated, the motion to substitute, Dkt. No. 793, filed May 15, 2025, by attorneys Chiquita Hall-Jackson, Sheridan T. Yeary, Kevin Mahoney, Berkeh Alemzadeh, and Rodney Diggs, is provisionally granted. All parties, including present class counsel and substitute counsel, are instructed to confer and file a joint status report within fourteen days, on or before August 19, 2025, informing the court of how the parties propose to proceed regarding the matters raised in this order, including the possibility of certifying a subclass consisting of the shortfall group.

Date: August 5, 2025 /s/ Joan B. Gottschall
United States District Judge